**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **In Re: 22-20006-JJT** | ) | **Chapter 13 Proceeding** |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
| **Debtor** | ) | |
| | ) | |
| **Wells Fargo Bank, N.A.** | ) | |
| **Movant** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
| **and Roberta Napolitano, Trustee** | ) | |
| **Respondent** | ) | **August 8, 2022** |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>
## <u>(REAL PROPERTY)</u>

Wells Fargo Bank, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §

362, for relief from the automatic stay with respect to certain real property of the Debtor(s)

having an address of 939 Pequot Avenue, New London, Connecticut 06320 (the "Property"). In

further support of this Motion, Movant respectfully states:

1.    A petition under Chapter *13* of the United States Bankruptcy Code was filed with respect to the Debtor(s) on January 6, 2022.

2.    Confirmation of the Chapter 13 Plan of the Debtor(s) is currently pending before this Court.

3.    Debtor(s) executed a promissory note secured by a mortgage or deed of trust.  The promissory note is either made payable to Creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

4.    The Debtor(s) has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $480,000.00 (the "Note").  A copy of the Note is attached to the Affidavit filed in support of this motion as Exhibit A.  See Affidavit filed in support of this motion which is integrated as if set forth in full.   The Movant is in possession of the original note and is entitled to enforce said note and mortgage (defined below).

5.    Pursuant to that certain Open-End Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.  A copy of the Mortgage is attached to the Affidavit filed in support of this motion as Exhibit B.  See Affidavit filed in support of this motion which is integrated as if set forth in full.

6.     Said Mortgage was assigned to the Movant by virtue of a merger. Merger documents are attached to the Affidavit filed in support of this motion as Exhibit C.  See Affidavit filed in support of this motion which is integrated as if set forth in full.

7.     As of July 19, 2022, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $810,345.87.  See Affidavit filed in support of this motion.

8.     As of July 19, 2022, the Debtor(s) have failed to make payments in an aggregate amount sufficient to satisfy in full the post-petition payment "contractually due"[1] under the Note on January 17, 2022 or any full payment contractually due under the Note thereafter. See Affidavit filed in support of this motion.

9.     A foreclosure judgment entered in favor of the Movant.  See Exhibit D. The Creditor requests the Court take judicial notice of the Connecticut Superior Court's files and records pursuant to Federal Rule of Evidence 201(c)(2).

10.     The estimated market value of the Property is $500,000.00. The basis for such valuation is the Debtor's Schedule A/B. See Document I. D. Number 19 at page 3. The Creditor requests the Court take judicial notice of same pursuant to Federal Rule of Evidence 201(c)(2). See also Affidavit filed in support of this motion.

---

[1] This terminology has the same meaning as provided in Official Bankruptcy Form 410A, Part 5, Column F.

11.     Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are:  (i) Movant $810,345.87. See Affidavit filed in support of this motion.

12.     The Schedules of the Debtor(s) do not list an exemption for the Property. See Document I. D. Number 19 at page 13. The Creditor requests the Court take judicial notice of same pursuant to Federal Rule of Evidence 201 (C)(2).

13.     Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

(a)     Movant's interest in the Property is not adequately protected;

(b)     Post-petition mortgage payments have not been made to the Movant.

14.   That based on the facts set forth in this motion the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1.     Relief from the automatic stay allowing Movant and any successors or assigns to exercise its rights in accordance with applicable non-bankruptcy law with respect to the Property

**or alternatively that a preliminary hearing be scheduled on the Motion as prescribed by Congress.**

    2.      The 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    3.      For such other relief as the Court deems proper.

Wells Fargo Bank, N.A.

By */s/ Benjamin T. Staskiewicz*
Benjamin T. Staskiewicz
The Movant's Attorney
Federal Bar No.ct21562
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 151
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re:22-20006-JJT | ) | **Chapter 13 Proceeding** |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
| Debtor | ) | |
| | ) | **Doc. I.D. No.** |
| **Wells Fargo Bank, N.A.** | ) | |
| Movant | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
| **and Roberta Napolitano, Trustee** | ) | |
| Respondent | ) | |

### ORDER GRANTING MOTION FOR RELIEF

After notice and a hearing, _see_ Bankruptcy Code Section 102(1), on Wells Fargo Bank, N.A., (hereafter, the "Movant"), Motion for Relief from the Automatic Stay, (hereafter, the "Motion") Doc. I.D. No. _____:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to exercise its rights, if any, in accordance with applicable non−bankruptcy law with respect to real property known as **939 Pequot Avenue, New London, Connecticut 06320** in accordance with applicable state law; and

**IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor.  The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement.  In the event the Debtor received a Chapter 7 discharge after Movant's loan was originated, any such agreement shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement; and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed.R.Bankr.P. 4001 (a)(3) is not applicable and the Movant may immediately enforce and implement this order.

Dated: _____          BY THE COURT

                                       _____
                                       Honorable United States Bankruptcy Court
                                       U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **In Re: 22-20006-JJT** | ) | **Chapter 13 Proceeding** |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
|     **Debtor** | ) | |
| | ) | |
| **Wells Fargo Bank, N.A.** | ) | |
|     **Movant** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | ) | |
| **and Roberta Napolitano, Trustee** | ) | |
|     **Respondent** | ) | **August 8, 2022** |

<u>NOTICE OF CONTESTED MATTER RESPONSE DEADLINE</u>

  **Wells Fargo Bank, N.A.**, (the "Movant") has filed a **Motion for Relief from Automatic Stay (Real Property),** (<u>the "Contested Matter"</u>), in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than August 22,

2022.  In the absence of a timely filed response, the proposed order in the Contested Matter ***may***

enter without further notice and hearing, see, 11 U.S.C. § 102 (1).

Dated: **August 8, 2022**                    By:    **Wells Fargo Bank, N.A.**

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three

days are added after the response date set in this notice.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **In Re: 22-20006-JJT** | **)** | **Chapter 13 Proceeding** |
| | **)** | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | **)** | |
| **Debtor** | **)** | |
| | **)** | |
| **Wells Fargo Bank, N.A.** | **)** | |
| **Movant** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | |
| **Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC** | **)** | |
| **and Roberta Napolitano, Trustee** | **)** | |
| **Respondent** | **)** | **August 8, 2022** |

## <u>**CERTIFICATION OF SERVICE**</u>

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002, and 7004, the undersigned certifies that on the 8th day of August, 2022, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system and by first class mail on the parties listed below:

**Documents Served:**

1. Motion for Relief from Automatic Stay (Real Property)

2. Proposed Order

3. Notice of Contested Matter

**Parties Served Via First Class Mail: (Complete Address Must Be Listed)**
Sandra Vogel Caldrello aka Sandra V Caldrello dba JCSC, LLC dba Ledge Bay, LLC
Debtor
939 Pequot Ave
New London, CT 06320

By */s/ Benjamin T. Staskiewicz*
        Benjamin T. Staskiewicz
        The Movant's Attorney
        Federal Bar No.ct21562
        Bendett & McHugh, P.C.
        270 Farmington Avenue, Suite 151
        Farmington, CT 06032
        Phone (860) 677-2868
        Fax (860) 409-0626
        Email: BKECF@bmpc-law.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

In re: **Sandra Vogel Caldrello aka**
**Sandra V Caldrello dba JCSC, LLC dba**
**Ledge Bay, LLC**

Case No. **22-20006-JJT**

)

) Ch **13**

)
)
)
)

## RELIEF FROM STAY WORKSHEET-REAL ESTATE

I __Thomas Caragher__
__Vice President Loan__
__Documentation__ (Name and Title) of Wells Fargo Bank, N.A. (Name of

Organization/Corporation/ Moving Party) (hereinafter, "Movant") hereby declare (or certify,

verify, or state) as follows:

## BACKGROUND INFORMATION

1.   Real property address which is the subject of this motion: **939 Pequot Avenue, New London, CT, 06320**

2.   Lender Name: World Savings Bank, FSB, its successors and/or assignees

3.   Date of Mortgage: February 9, 2007

4.   Post-Petition payment address: Wells Fargo Home Mortgage, PO Box 14507, Des Moines, IA 50306

5.   The manner in which the movant perfected its interest in the property: Recorded Mortgage

6.     All other material liens and encumbrances on the property:

None _____

### DEBT/VALUE REPRESENTATIONS

7.     Total pre-petition and post-petition indebtedness of Debtor(s) to Movant at the time of filing the motion: $ 810,345.87 as of July 19, 2022 _____

8.     Movant's estimated market value of the real property: $ 500,000.00 _____

9.     Source of estimated valuation: Debtor's Schedule A/B _____

### STATUS OF DEBT AS OF THE PETITION DATE

10.   Total pre-petition indebtedness of Debtor(s) to Movant as of petition filing date:
   A.     Amount of principal: $ 481,529.48
   B.     Amount of interest: $ 134,881.46
   C.     Amount of escrow (taxes and insurance): $ 165,987.84
   D.     Amount of forced placed insurance expended by Movant: $ N/A
   E.     Amount of Attorney's fees billed to Debtor(s) pre-petition: $ 5,086.00
   F.     Amount of pre-petition late fees, if any, billed to Debtor(s): $ 1,085.93

11.   Contractual interest rate: 2.7794% _____

   (If interest rate is (or was) adjustable, please list the rate(s) and dates(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here:)

12/19/11-1/29/12     2.98800%

| | |
|---|---|
| 1/30/12-2/26/12 | 3.00300% |
| 2/27/12-3/25/12 | 3.01300% |
| 3/26/12-4/22/12 | 3.01400% |
| 4/23/12-5/20/12 | 3.01500% |
| 5/21/12-617/12 | 3.02000% |
| 6/18/12-7/15/12 | 3.02700% |
| 7/16/12-8/26/12 | 3.03500% |
| 8/27/12-9/23/12 | 3.04000% |
| 9/24/12-10/21/12 | 3.03800% |
| 10/22/12-11/18/12 | 3.03000% |
| 11/19/12-12/16/12 | 3.01800% |
| 12/17/12-1/27/13 | 3.00300% |
| 1/28/13-2/24/13 | 2.98300% |
| 2/25/13-3/24/13 | 2.96800% |
| 3/25/13-4/21/13 | 2.96200% |
| 4/22/13-5/19/13 | 2.95500% |
| 5/20/13-6/16/13 | 2.94800% |
| 6/17/13-7/14/13 | 2.94000% |
| 7/15/13-9/22/13 | 2.92900% |
| 9/23/13-10/20/13 | 2.91900% |
| 10/21/13-11/17/13 | 2.91700% |
| 11/18/13-12/15/13 | 2.91500% |
| 12/16/13-1/26/14 | 2.91300% |
| 1/27/14-2/23/14 | 2.90800% |
| 2/24/14-3/23/14 | 2.90400% |
| 3/24/14-4/20/14 | 2.90000% |
| 4/21/14-5/18/14 | 2.89700% |
| 5/19/14-6/15/14 | 2.89500% |
| 6/16/14-10/19/14 | 2.89000% |
| 10/20/14-11/16/14 | 2.86800% |
| 11/17/14-12/14/14 | 2.86400% |
| 12/15/14-1/25/15 | 2.86100% |
| 1/26/15-7/26/15 | 2.85900% |
| 7/27/15-8/23/15 | 2.86100% |
| 8/24/15-10/4/15 | 2.86300% |
| 10/5/15-10/18/15 | 2.86400% |
| 10/19/15-11/15/15 | 2.86600% |
| 11/16/15-12/27/15 | 2.86800% |
| 12/28/15-1/24/16 | 2.86900% |
| 1/25/16-2/21/16 | 2.88600% |
| 2/22/16-3/20/16 | 2.91000% |
| 3/21/16-4/17/16 | 2.93400% |
| 4/18/16-5/15/16 | 2.95800% |
| 5/16/16-6/26/16 | 2.98300% |
| 6/27/16-7/24/16 | 3.00700% |
| 7/25/16-8/21/16 | 3.03100% |
| 8/22/16-10/2/16 | 3.05500% |
| 10/3/16-10/16/16 | 3.08100% |
| 10/17/16-7/9/17 | 3.10700% |
| 7/10/17-7/23/17 | 3.36620% |

| | |
|---|---|
| 7/24/17-8/20/17 | 3.42550% |
| 8/21/17-10/1/17 | 3.48770% |
| 10/2/17-10/15/17 | 3.54770% |
| 10/16/17-11/26/17 | 3.60670% |
| 11/27/17-12/24/17 | 3.66570% |
| 12/25/17-1/21/18 | 3.72590% |
| 1/22/18-2/18/18 | 3.78990% |
| 2/19/18-3/18/18 | 3.85570% |
| 3/19/18-4/15/18 | 3.92410% |
| 4/16/18-5/27/18 | 3.99690% |
| 5/28/18-6/24/18 | 4.07240% |
| 6/25/18-7/22/18 | 4.15020% |
| 7/23/18-8/19/18 | 4.22520% |
| 8/20/18-9/30/18 | 4.29620% |
| 10/1/18-10/14/18 | 4.36620% |
| 10/15/18-11/25/18 | 4.44430% |
| 11/26/18-12/23/18 | 4.53140% |
| 12/24/18-1/20/19 | 4.61770% |
| 1/21/19-2/17/19 | 4.69860% |
| 2/18/19-3/17/19 | 4.77770% |
| 3/18/19-4/14/19 | 4.85260% |
| 4/15/19-5/26/19 | 4.91060% |
| 5/27/19-6/23/19 | 4.95930% |
| 6/24/19-7/21/19 | 5.00140% |
| 7/22/19-8/18/19 | 5.02980% |
| 8/19/19-9/29/19 | 5.04910% |
| 9/30/19-10/27/19 | 5.05820% |
| 10/28/19-11/24/19 | 5.04760% |
| 11/25/19-12/22/19 | 5.01450% |
| 12/23/19-1/19/20 | 4.96650% |
| 1/20/20-2/16/20 | 4.90820% |
| 2/17/20-3/15/20 | 4.83880% |
| 3/16/20-4/26/20 | 4.76770% |
| 4/27/20-5/24/20 | 4.63870% |
| 5/25/20-6/21/20 | 4.49170% |
| 6/22/20-7/19/20 | 4.30470% |
| 7/20/20-8/16/20 | 4.11960% |
| 8/17/20-9/27/20 | 3.94140% |
| 9/28/20-10/25/20 | 3.77320% |
| 10/26/20-11/22/20 | 3.61540% |
| 11/23/20-12/20/20 | 3.47040% |
| 12/21/20-1/17/21 | 3.33710% |
| 1/18/21-2/14/21 | 3.20410% |
| 2/15/21-3/14/21 | 3.07520% |
| 3/15/21-4/25/21 | 2.94780% |
| 4/26/21-5/23/21 | 2.87830% |
| 5/24/21-6/20/21 | 2.82790% |
| 6/21/21-8/1/21 | 2.81910% |
| 8/2/21 -8/15/21 | 2.81090% |
| 8/16/21-9/26/21 | 2.80430% |

| | |
|---|---|
| 9/27/21-10/24/21 | 2.79830% |
| 10/25/21-11/21/21 | 2.79270% |
| 11/22/21-12/19/21 | 2.78750% |
| 12/20/21-1/16/22 | 2.78330% |
| 1/17/22-2/27/22 | 2.77940% |
| 2/28/22-3/27/22 | 2.77750% |
| 3/28/22-4/24/22 | 2.78010% |
| 4/25/22-5/22/22 | 2.80340% |
| 5/23/22-6/19/22 | 2.84270% |
| 6/20/22-7/31/22 | 2.91110% |

12.    Only with regard to a post-petition default, explain any additional pre-petition fees, charges or amounts charged to Debtor's/Debtor's account and not listed above:

N/A _____

(If additional space is needed, please list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: N/A.)

N/A _____

## AMOUNT OF ALLEGED POST-PETITION DEFAULT AS OF 7/19/22

13.  Date last payment was received: Prior to <u>December 5, 2011</u>

14. Alleged total number of payments post-petition from filing of petition through payment due on <u>July 18, 2022</u>; 14   *loan documents require bi-weekly payments

15.  List all post-petition payments alleged to be in default:

### SCHEDULE OF PAYMENTS THAT WERE DUE:

| Date Payment Due | Payment Amount Due Post Petition |
|---|---|
| 1/17/22 | 1,888.12 |
| 1/31/22 | 1,888.12 |
| 2/14/22 | 1,888.12 |
| 2/28/22 | 1,819.93 |

| | |
|---|---|
| 3/14/22 | 1,819.93 |
| 3/28/22 | 1,819.93 |
| 4/11/22 | 1,819.93 |
| 4/25/22 | 1,819.93 |
| 5/9/22 | 1,819.93 |
| 5/23/22 | 1,819.93 |
| 6/6/22 | 1,819.93 |
| 6/20/22 | 1,819.93 |
| 7/4/22 | 1,819.93 |
| 7/18/22 | 1,819.93 |
| Totals: | $25,683.59 |

### SCHEDULE OF PAYMENTS THAT WERE RECEIVED

| Date | Amount Received | Amount Applied to Principal and Interest | Amount Applied to Escrow | Late Fee Charged (if any) | Amount applied to legal fees or costs (specify) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Totals: | $0.00 | $0.00 | $0.00 | $0.00 | |

16. Amount of Movant's Attorney's fees billed* to Debtor for the preparation, filing and prosecution of this motion: $1,050.00 may be billed

17. Amount of Movant's filing fee for this motion: $188.00 may be charged to borrower

18. Only to the extent movant is seeking payment in the motion, the amount of other Attorney's fees billed to Debtor post-petition: $N/A

19. Only to the extent movant is seeking payment in the motion, the amount of Movant's post-petition inspection fees:$N/A
    Only to the extent movant is seeking payment in the motion, the amount of Movant's post-petition appraisal/broker's price opinion: $N/A

20. Only to the extent movant is seeking payment in the motion, the amount of forced placed insurance or insurance provided by the Movant post-petition: $N/A

21. Only to the extent movant is seeking payment in the motion, the amount of the sum held in suspense by Movant in connection with this contract, if applicable: $0.00

22. Only to the extent movant is seeking payment in the motion, the amount of other post-petition advances or charges: i.e., taxes, insurance incurred by Debtor, etc.: $N/A

23. Amount and date of post-petition payments offered by the Debtor and refused by the Movant:

    $ 0.00 _____ Date: N/A

    $ 0.00 _____ Date: N/A

    $ 0.00 _____ Date: N/A

## REQUIRED ATTACHMENTS TO MOTION

The following exhibits are attached to the motion in support of the relief requested.

1.   Copies of documents that indicate Movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the mortgage and any assignments in the chain from the original mortgagee to the current moving party. See Exhibits A, B, and C.

2.   Copies of documents establishing proof of standing to bring this Motion. Same as above

3.   Copies of documents establishing that Movant's interest in the real property was perfected. For the purposes of example only, a complete and legible copy of mortgage containing the applicable recording information. See Exhibit B.

## CERTIFICATION AND DECLARATION FOR BUSINESS RECORDS

I certify that the information provided in this worksheet and/or exhibits attached to this worksheet is derived from records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, were kept in the course of the regularly conducted activity; and were made by the regularly conducted activity as a regular practice.

[remainder of page intentionally left blank, text continued on next page]

I further certify that copies of any transactional documents attached to this worksheet as required by paragraphs 1, 2, and 3, immediately above, are true and accurate copies of the original documents, I further certify that the original documents are in movant's possession, except as follows: N/A

I/we declare (or certify, swear, affirm, verify or state) that the foregoing is true and correct.

Executed on ____August 4, 2022____ [date]

_____
[signature]
Thomas Caragher

_____
Vice President Loan Documentation
[title]

State of South Carolina
County of York
*Sworn/affirmed to and subscribed before me on this* __4th__ *day of* __August__
20 __22__.    *Personally known [ ] or produced identification [X].*
*Type of identification produced* _____DL_____.

_____
*(Signature of Notary Public)*
*My commission expires* 3/2/2032

## EXHIBIT A

WORLD SAVINGS BANK, FSB

# ADJUSTABLE RATE MORTGAGE NOTE
## PICK-A-PAYMENT LOAN

### CERTIFICATES OF DEPOSIT INDEX

### BIWEEKLY PAYMENT

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY BIWEEKLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY BIWEEKLY PAYMENT INCREASES, MY INTEREST RATE INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.

LOAN NUMBER                          DATE:  February 9, 2007

BORROWER(S):  SANDRA CALDRELLO  sometimes called "Borrower" and sometimes simply called "I" or "me."

PROPERTY ADDRESS: 939 PEQUOT AVE, NEW LONDON, CT  06320-2928

1.    BORROWER'S PROMISE TO PAY
    In return for a loan that I have received, I promise to pay U.S.  $480,000.00, called "Principal," plus interest, to the order of the Lender. The Lender is WORLD SAVINGS BANK, FSB,  a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this Note is transferred.

2.    INTEREST
    (A)  Interest Rate
    Interest will be charged on unpaid Principal until the full amount of Principal has been paid.  I will pay interest at the yearly rate of 7.853%. The interest rate may change as described in this Section 2. Interest will be charged on the basis of a 364-day year, divided into 26 segments of two weeks each.

    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note

    (B)  Interest Change Dates
    The interest rate I will pay may change on the 2nd day of April, 2007 and on every other Monday thereafter. Each date on which my interest rate could change is called an "Interest Change Date."  The new rate of interest will become effective on each Interest Change Date.

GD254A (2004-03-4)                BIWEEKLY ARM            CT          | LENDER'S USE ONLY |
                                  Page 1

Src

(C)  Interest Rate Limit

My lifetime maximum interest rate limit is 11.950% called "Lifetime Rate Cap."

(D)  Index

Beginning with the first Interest Change Date, my interest rate will be based on an "Index". The index is the average of the last twelve calendar months' most recently published monthly yields on 3-month certificates of deposit (secondary market) as published by the Federal Reserve Board. Lender will calculate the average by adding the twelve most recently published yields together and dividing the result by twelve. Lender will round the result of this division to the nearest one-thousandth of one percentage point (0.001%) by using the following convention: if the value of the 10,000th place is five or greater, the value of the 1,000th place will round up; if the value of the 10,000th place is less than five, the 1,000th place will not change. The most recent Index figure available on each Interest Change Date is called the "Current Index". For purposes of determining the Index, "published" means first made available to the public by the Federal Reserve Board.

(E)  Calculation of Interest Rate Changes

Lender will calculate my new interest rate by adding 2.700 percentage points, called the "Margin," to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this calculation will be my new "Interest Rate" until the next Interest Change Date.

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date. Lender may not, at a later date, carryover or add interest to which it is not entitled under this Note on any Interest Change Date.

(F)  Alternative Index

The Lender may choose an alternative index to be the Index if the Index is no longer available.  For purposes of this Section 2(F), the Index is not "available" if: (a) the Index is for any reason no longer published; or (b) the Lender, in its sole discretion, determines that the Index is calculated in a substantially different manner or based on substantially different information than at the time the Index became applicable to this Note; or (c) applicable laws or regulations prevent the Lender from using the Index to calculate interest under this Note. The selection of the alternative index shall be at Lender's sole discretion. The alternative index may be a national or regional index or another type of index approved by the Lender's primary regulator. The Lender will give me notice of the alternative index.

3.  PAYMENTS
    (A)  Time and Place of Payments
    I will pay Principal and interest by making payments every two weeks.

    I will make my first biweekly payment on March 19, 2007 and every other Monday thereafter. I will make these biweekly payments until I have paid (i) all the Principal and interest; and (ii) any other charges described below that I may owe under this Note; and (iii) any charges that may be due under the Security Instrument. If, on March 5, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

    I will maintain a deposit account with Lender, or with a bank or savings and loan which has been approved by Lender, and keep sufficient funds in such deposit account to allow Lender to automatically withdraw my biweekly payment on each of the biweekly payment dates stated above. The sole purpose of the deposit account is to ensure payment of the biweekly payments on the due-date of each payment and I instruct and charge Lender to withdraw the amount of each biweekly payment from the deposit account on each due date without any further instructions from me.

    (B)  Amount of My Initial Biweekly Payments

    Each of my initial biweekly payments will be in the amount of U.S. $ 828.29. This amount will change as described in Sections 3(C) and 3(D) below. My initial biweekly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

    (C)  Payment Change Dates

    My biweekly payment will change as required by Section 3(D) below beginning on the 17th day of March, 2008 and every 52 weeks thereafter. Each of these dates is called a "Payment Change Date." My biweekly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

    I will pay the amount of my new biweekly payment every other Monday beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below.

(D)    Calculation of Payment Changes

Subject to Section 3(F) and 3(G), on the Payment Change Date my biweekly payment may be changed to an amount sufficient to pay the unpaid Principal balance, including any deferred interest as described in Section 3(E) below, by the "Modified Maturity Date." The Modified Maturity Date is the date on which this note will be paid after accounting for acceleration of the payment schedule resulting from biweekly payments rather than the monthly payment schedule used to calculate the Maturity Date described in Section 3(A) above. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 50 but not more than 90 days before the Payment Change Date.

(E)    Deferred Interest; Additions to My Unpaid Principal

From time to time, my biweekly payments may be insufficient to pay the total amount of biweekly interest that is due. If this occurs, the amount of interest that is not paid each payment, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

(F)    Limit on My Unpaid Principal; Increased Biweekly Payment

My unpaid Principal balance can never exceed 125% of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of Deferred Interest to my unpaid Principal balance, the Principal Balance Cap limitation would be exceeded on the date that my biweekly payment is due, I will instead pay a new biweekly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new biweekly payment which is equal to an amount that will be sufficient to repay my then unpaid Principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

(G)    Payment Cap Limitation; Exceptions

Beginning with the 10th Payment Change Date and every 5th Payment Change Date thereafter, my biweekly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

(H)    Notice of Payment Changes

The Lender will deliver or mail to me a notice of any changes in the amount of my biweekly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

4.    FAILURE TO MAKE ADJUSTMENTS

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

6.    BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

6.  MAXIMUM LOAN CHARGES

If a law which applies to this loan and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7.  BORROWER'S FAILURE TO PAY AS REQUIRED

(A)  Late Charges for Overdue Payments

If the Lender has not received the full amount of any biweekly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be 5.00 % of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  Default

I will be in default if (i) I do not pay the full amount of each biweekly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading.

(C)  Default - Change to Monthly Payments

If I fail to have sufficient funds in my deposit account to make my biweekly payment on the date my biweekly payment is due on two occasions in any 12 month period or four occasions any time prior to the Maturity Date or if a garnishment, attachment or seizure is made of or against my deposit account, then I will be in default and Lender will have a right, but not a duty, to change my loan to one with payments due monthly instead of biweekly. If the Lender chooses to change my loan to one with payments due monthly, Lender will provide me with written notice of the change at least 30 days in advance of the date the first monthly payment is due. This notice will also specify the amount of the monthly payment and the date the first monthly payment is due. In such event, interest on the loan balance from the last date interest was paid to the first date of the month preceding the date the first monthly payment is due will be added to my loan balance. The amount of the first monthly payment will be determined without regard to the 7-1/2% change in amount of payment cap set forth in Section 3(D) above.

I understand that I may voluntarily change the payment mode from biweekly to monthly at any time by giving written notice to Lender at least 60 days in advance of the date on which I wish the change to take effect. If I give Lender such notice, Lender will then provide me with written notice of the amount of the monthly payment and the date the first monthly payment shall be due. I may be required to pay a processing fee and sign a Modification Agreement with Lender converting my loan to a monthly payment loan. I understand that should the payment mode be changed from biweekly to monthly either voluntarily or due to an event of default it will not be reversible.

In the event that my payment mode is changed from biweekly to monthly, interest will be charged thereafter on the basis of a 12 month year and a 30-day month. The Interest Rate I will pay will change on the first monthly payment date and on the same day every month thereafter. This revised interest change date will be substituted for the definition of "Interest Change Date" included in Section 2(B) above. The "Payment Change Date" as defined in Section 3(C) above will change to be the date the payment is changed from a biweekly to a monthly payment as described above in this Section 7(C) and on that day every 12 months thereafter.

(D)  Notice of Default

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.

(E)  No Waiver by Lender

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full or change my loan type from biweekly to monthly at that time as described above, the Lender will still have the right to do so if I am in default at a later time.

(F)  Payment of Lender's Costs and Expenses

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at 939 PEQUOT AVE, NEW LONDON, CT 06320-2928 or at a single alternative address if I give the Lender notice of my alternative address. I may give notice to Lender of a change of my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at  1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612, or at a different address if I am given a notice of that different address.

9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

11.  SECURED NOTE - ACCELERATION

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Acceleration of Payment of Sums Secured. Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

Exception to Acceleration of Payment of Sums Secured. If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)     Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)    Lender approves the creditworthiness of the transferee in writing;

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)     the transferee executes an assumption agreement which is satisfactory to Lender, such assumption agreement providing for transferee opening a deposit account with Lender, or with a bank or savings and loan which has been approved by Lender, for direct payment as provided in the secured notes.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

**12.  GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note.

**13.  CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error.

**14.  LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS

SIGNATURE PAGE

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

*anna Caldrello*          *Shiu Hang*

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____Sandra Caldrello_____          (Seal)

SANDRA CALDRELLO

PAY TO THE ORDER OF
WITHOUT RECOURSE
Wells Fargo Bank, N.A., successor by merger to
Wachovia Mortgage, FSB, formerly known as
World Savings Bank, FSB

RECORDING REQUESTED BY:
WORLD SAVINGS BANK

VOL  PG  00724
1699  097

WHEN RECORDED MAIL TO:
WORLD SAVINGS
CENTRAL PROCESSING CENTER
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

**EXHIBIT B**

LOAN NUMBER

NOTE AMOUNT: **$480,000.00**

Received
OCT 1 9 2007
FOR RECORDER'S USE ONLY

OPEN-END MORTGAGE

THIS IS A FIRST OPEN-END MORTGAGE WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR BIWEEKLY PAYMENTS OF PRINCIPAL AND INTEREST.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS OPEN-END MORTGAGE IS $600,000.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.

I.   DEFINITIONS OF WORDS USED IN THIS OPEN-END MORTGAGE
   (A)   **Security Instrument.** This Open-End Mortgage, which is dated **February 9, 2007** will be called the "Security Instrument."

   (B)   **Borrower.** SANDRA CALDRELLO  sometimes will be called "Borrower" and sometimes simply "I" or "me."

   (C)   **Lender. WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES,** will be called "Lender." Lender is a **FEDERAL SAVINGS BANK,** which is organized and exists under the laws of the United States. Lender's address is **1901 Harrison Street, Oakland, CA 94612** .

   (D)   **Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. **$480,000.00** ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay the debt in full by **March 5, 2037** .

   (E)   **Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

   (F)   **Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

   (G)   **Person.** Any person, organization, governmental authority or other party will be called "Person."

II.   BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY
   I mortgage, irrevocably grant and convey the Property to Lender subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:



LENDER'S USE ONLY

VOL.          PG
1699     098

(i)    pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)    pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)    keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

III.    **DESCRIPTION OF THE PROPERTY**

I give Lender rights in the Property described below:

(i)    The Property which is located at **939 PEQUOT AVE, NEW LONDON, CT 06320-2928** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)    All buildings and other improvements that are located on the Described Property;

(iii)    All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)    All rents or royalties and other income from the Described Property;

(v)    All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)    All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)    All fixtures that are now or in the future will be on the Described Property or on the Property described in subsection (ii) of this Section;

(viii)    All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)    All replacements of or additions to the Property described in subsections (ii) through (viii) of this Section; and

(x)    All of the amounts that I pay to Lender under Paragraph 2 below.

IV.    **BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**
I promise that: (i) I lawfully own the Property; (ii) I have the right to mortgage, grant and convey the Property to Lender; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**COVENANTS**

I promise and I agree with Lender as follows:

1.    **BORROWER'S PROMISE TO PAY**
I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes.

SD011B (2005-04-2)

CT

VOL.
PG
1699    099

2.    PAYMENTS FOR TAXES AND INSURANCE

(A)    Borrower's Obligations

I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any).

(B)    Escrow Accounts

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all Sums Secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA.

Upon payment in full of all Sums Secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender. If, under Paragraph 27, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the Sums Secured by this Security Instrument.

SD011C (2005-04-2)                                                                                    CT

VOL
PG
1699    100

### 3.    APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

### 4.    BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a **lien.** I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5.    BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgage Clause** to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

VOL        PG
1699      101



The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

If Lender acquires the Property under Paragraph 27 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

6.    **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS**

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations. I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws. I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property. I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

7.    **LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5 above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

8.    **LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.



VOL          RG
1699    102

**9.   AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY**

I assign to Lender all my rights: (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other governmental taking of the Property. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

**10.   CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**
**(A)   Borrower's Obligations**

Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the payments of principal and interest due under the Secured Notes or under this Security Instrument. Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument.

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so.

**(B)   Lender's Rights**

Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 27 below to demand that I make immediate payment in full of the amounts that I owe to Lender under the Secured Notes and under this Security Instrument.

**11.   OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured.

Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the Sums Secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent.

Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

**12.   MAXIMUM LOAN CHARGES**

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.   Lender may choose to make this

VOL        PG
1699   103



refund by reducing the principal owed under the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

**13.    LEGISLATION AFFECTING LENDER'S RIGHTS**

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

**14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at **939 PEQUOT AVE, NEW LONDON, CT  06320-2928**. A notice will be given to me at an alternative address if I give Lender notice of my alternative address. I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes. Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I.(C) above entitled, "Definitions of Words Used in this Open-End Mortgage," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

**15.    GOVERNING LAW; SEVERABILITY**

**This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions, ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located.** In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

**16.    BORROWER'S COPY**

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

**17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B), enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 27, I understand and agree that: (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

**18.    INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS**

An **assignment** is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include an action for breach of contract, fraud, concealment of a material fact or for intentional or negligent acts. I assign these rights, and any proceeds arising from these rights, as permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to any amount that I may owe to Lender under the Note and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment.

VOL
PG
1699    104

**19.    CLERICAL ERRORS**

In the event Lender at any time discovers that this Security Instrument the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

**20.    LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

**21.    WAIVER OF STATUTE OF LIMITATIONS**

I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

**22.    CAPTIONS**

The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

**23.    MODIFICATION**

This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

**24.    CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS**

If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

(A)    If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

(B)    The following are called the "Constituent Documents:" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

(C)    If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a **master** or **blanket** policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such **master** or **blanket** policy, then: (i) Lender waives the provision in Paragraph 2(B) above for the payment to Lender of the estimated yearly premium installments for hazard insurance on the Property; and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such **master** or **blanket** policy to Lender annually.

VOL    PG

1699    105 

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me.

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

**(D)**    I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the **master** or **blanket** hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**25.    FUTURE ADVANCES**
At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security Instrument.

**26.    AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

<u>Exception to Acceleration of Payment of Sums Secured.</u> If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)    Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)    Lender approves the creditworthiness of the transferee in writing;

(iii)    transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)    the transferee executes an assumption agreement which is satisfactory to Lender. Such assumption agreement may provide, if required by Lender, that the transferee open a deposit account with Lender or with a bank or other depository institution approved by Lender, to facilitate direct payments if direct payments are required in the Note.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

VOL       PG
1699      106

**27.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY**

It will be called a "Breach of Duty" if (i) I do not pay the full amount of each payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may take action to have the Property sold under any applicable Federal Law, rule or regulation and, where Federal Law is not applicable, under the law of the state where the Property is located, which will be called the "Applicable Law."

Lender does not have to give me notice of a Breach of Duty unless notice is required by Applicable Law. If Lender does not make a demand for full payment upon a Breach of Duty, Lender may make a demand for full payment upon any other Breach of Duty.

If there is a Breach of Duty, Lender may also take action to have a receiver appointed under the Applicable Law to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

The sale of the Property may be postponed by or at the direction of Lender except as limited or prohibited by the Applicable Law. If the Property is sold under the Applicable Law, I agree that it may be sold in one parcel. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property, except to the extent that the Applicable Law limits or prohibits any such charges.

Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including but not limited to, attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the Person or Persons legally entitled to it.

**28.   LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT**

When Lender has been paid all of the amounts secured by this Security Instrument, Lender shall release or cancel this Security Instrument without charge to me except that I will pay any recordation costs.

**29.   STATEMENT OF OBLIGATION**

To the extent allowed by law, I will give Lender a fee for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

**30.   WAIVER OF REDEMPTION**

My right of redemption is waived to the extent allowed by applicable law.

**31.   WAIVER OF HOMESTEAD**

My right to any applicable homestead exemption in and all of my rights of appraisement of the Property are waived; I relinquish all of my rights of curtesy and dower in the Property.

**THIS SPACE INTENTIONALLY LEFT BLANK.**

VOL         PG
1699     107

**32.    · ( x )    QUICK QUALIFYING LOAN PROGRAM**

I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that: (A) I do not have any other Quick Qualifying Loans with Lender; (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument; and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes.

**33.    ( x )    OWNER OCCUPANCY**

Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that: (A) the Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes.

( X )    VALUE INDICATES THAT THE PARAGRAPH APPLIES.

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.

SD011K (2005-04-2)                                                                                    CT

VOL         PG
1699     108

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

WITNESS(ES):

*Anna Caldrello*
Anna Caldrello

*Sheila Harrington*

BORROWER(S):

*Sandra Caldrello*                    (Seal)

SANDRA CALDRELLO

ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

VOL    PG
1699    109

STATE OF CONNECTICUT

New London, County ss:

The foregoing instrument was acknowledged before me this _____ day of February, 2007, by
Sandra Caldrello

_____
Commissioner of the Superior Court
Sheila Harrington

FEB-15-2007 00:47AM    FROM-HARRINGTON AND RHODES LTD         +401-885-8990        T-008  P.002/002  F-241

VOL

T699    1 1 0

## EXHIBIT A

That certain piece or parcel of land with any and all buildings and improvements thereon being shown and designated as Lot No. 2 on a map or plan entitled, "Revision of Lots 1 and 2 at Osprey Estates, New London" Connecticut, March 1987, Scale 1" = 20' Revised 3/3/97, Robert L. Bucher, Land Surveyor, New London, Connecticut", which map is on file in the New London Town Clerk's Office to which reference may be had for a more particular description of said premises.

Together with a right of way in favor of Lot No. 1 as shown on the first map hereinabove referenced.

Property address
939 Pequot Avenue
New London Connecticut

CITY OF NEW LONDON, CT
CITY CLERK

2007 FEB 15  P 12: 35

MICHAEL J. TRANCHIDA



**EXHIBIT C**

**Office of Thrift Supervision**
Department of the Treasury

*Nicholas J. Dyer*
*Assistant Regional Director*

Pacific Plaza, 2001 Junipero Serra Boulevard, Suite 650, Daly City, CA 94014-1976
P.O. Box 7165, San Francisco, CA 94120-7165 • Telephone: (650) 746-7025 • Fax: (650) 746-7001

November 19, 2007

John A. Stoker, Esq.
Vice President and Assistant General Counsel
Wachovia Corporation
Legal Division -- NCO630
One Wachovia Center
301 South Charlotte Street
Charlotte, NC 28288

Re: World Savings Bank, FSB, Oakland, California
Notice of Amendment of Charter and Bylaws

Dear Mr. Stoker:

This is in response to your letter, dated November 8, 2007, with enclosures, which you
filed with the Office of Thrift Supervision (OTS) on behalf of World Savings Bank, FSB
to amend the savings bank's charter and bylaws to change its name to Wachovia Mortgage,
FSB and reflect a change in the location of its home office. The new home office address
is 6825 Aliante Parkway, North Las Vegas, Nevada.

The institution met the requirements of 12 C.F.R. §§ 552.4(b) and 552.5(b)(2), and the
proposed amendments will be effective December 31, 2007, as set forth in the Board of
Directors' resolution adopting the changes to the charter and bylaws. The filing also met
the requirement of 12 C.F.R. § 545.91(b) that the savings bank notify the OTS if there is a
change in the permanent address of its home office.

Please feel free to contact me at (650) 746-7025 if there are any questions.

Sincerely,

*Nicholas J. Dyer*

Nicholas J. Dyer
Assistant Regional Director

cc: Robert Burns, FDIC - Atlanta



Comptroller of the Currency
Administrator of National Banks

Large Bank Licensing

November 1, 2009

Mr. James E. Hanson
Vice President
Wells Fargo Bank, National Association
90 South Seventh Street
Minneapolis, MN 55479

Re:    Application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada to a national
       bank and application to merge the converted bank with and into Wells Fargo Bank,
       National Association, Sioux Falls, South Dakota
       Application Control Numbers:  2009-ML-01-0007 and 2009-ML-02-0010

Dear Mr. Hanson:

This letter is the official certification of the Comptroller of the Currency (OCC) of the
conversion of Wachovia Mortgage FSB, North Las Vegas, Nevada to a national bank with the
name Wells Fargo Bank Southwest, National Association, effective November 1, 2009.  This is
also the official certification to merge Wells Fargo Bank Southwest, National Association with
and into Wells Fargo Bank, National Association, Sioux Falls, South Dakota, effective
November 1, 2009.

If you have questions regarding this letter, please contact me at (202) 874-5294 or by email at:
Stephen.Lybarger@occ.treas.gov .  Please reference the application control number or numbers
in any correspondence.

Sincerely,

Stephen A. Lybarger
Large Bank Licensing Lead Expert

**EXHIBIT C**



| NIC Home | Institution Search | USBA Search | HCs > $10B |
|---|---|---|---|
| BHCPR Peer Reports | Other Reports | FAQ | |

Institution History for   NORTH LAS VEGAS BRANCH (1157433)

10 institution history record(s) found.                                    < Previous  Page 1 ∨ Next >

| Event Date | Historical Event |
|---|---|
| 1987-10-13 | WATCHUNG HILLS BANK FOR SAVINGS located at 198 WASHINGTON VALLEY ROAD, WARREN, NJ was established as a State Savings Bank. |
| 1995-01-21 | WATCHUNG HILLS BANK FOR SAVINGS was **renamed** to WORLD SAVINGS BANK, F.S.B. and **changed** from State Savings Bank to Federal Savings Bank. |
| 1996-07-24 | WORLD SAVINGS BANK, F.S.B. **moved** to 2502 JAMACHA ROAD EL CAJON, CA. |
| 1996-08-30 | WORLD SAVINGS BANK, F.S.B. **moved** to 1970 BROADWAY OAKLAND, CA. |
| 2007-10-12 | WORLD SAVINGS BANK, F.S.B. **sold assets** to WACHOVIA BANK, NATIONAL ASSOCIATION. |
| 2007-12-31 | WORLD SAVINGS BANK, F.S.B. was **renamed** to WACHOVIA MORTGAGE, F.S.B. and **moved** to 6825 ALIANTE PARKWAY NORTH LAS VEGAS, NV. |
| 2007-10-12 | WACHOVIA MORTGAGE, F.S.B. **sold assets** to WACHOVIA BANK, NATIONAL ASSOCIATION. |
| 2009-11-01 | WACHOVIA MORTGAGE, F.S.B. was **acquired** by WELLS FARGO BANK, NATIONAL ASSOCIATION. |
| 2009-11-01 | WACHOVIA MORTGAGE, F.S.B. was **renamed** to NORTH LAS VEGAS BR and **became** a branch of WELLS FARGO BANK, NATIONAL ASSOCIATION. |
| 2010-03-19 | Institution is **closed**. |

Page 1 of 1

NIC Home | FAQ | Help | Contact Us

**EXHIBIT C**

## SECRETARY'S
## CERTIFICATE
## OF
## MERGER

I, ___Dana Sharpe___, being a duly elected and acting Assistant Secretary of World Savings Bank, FSB, do hereby certify that World Savings Bank, FSB is the successor by merger with World Savings and Loan Association, a Federal Savings and Loan Association, as evidenced by the Articles of Combination attached hereto as Exhibit "A" which were endorsed, on the 31st day of December, 2000 by the Office of Thrift Supervision, Department of the Treasury, attached hereto as Exhibit "B" and that by reason of such merger, ownership of all the assets of World Savings and Loan Association, a Federal Savings and Loan Association are now vested in World Savings Bank, FSB.

IN WITNESS WHEREOF, I have hereunto set my hand as such Assistant Secretary and affixed the corporate seal this __6th__ day of __September__, 200_1_.

_(signature)_
Assistant Secretary

STATE OF TEXAS    §

COUNTY OF BEXAR   §

On ___September 6th___, 2001, before me, ___Assistant Secretary___, personally appeared ___Dana Sharpe___ Assistant Secretary of World Savings Bank, FSB, proved to me on the basis of satisfactory evidence to be the person who executed the within instrument on behalf of World Savings Bank, FSB, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

Signature: _(signature)_

VAL M. ORTIZ
MY COMMISSION EXPIRES
October 30, 2002

(Seal)

EXHIBIT D

DOCKET NUMBER: **KNLCV126014902S**
WELLS FARGO BANK N.A
vs.
SANDRA CALDRELLO

JUDICIAL DISTRICT
OF NEW LONDON/NORWICH
AT NEW LONDON

JUDGMENT DATE:
**Monday, September 11, 2017**

## Notice of Judgment of Strict Foreclosure

Property Address: 939 Pequot Ave., New London CT

**Judgment of Strict Foreclosure is hereby entered as follows:**
Attorney fees for Bendett $ McHugh = $4,550.00 Attorney fees for Seyfarth & Shaw= $281,577.00

Debt:            $649,852.84 as of 8/8/2017
Attorney Fees: $286,127.00
Total:           $935,979.84

Appraisal Fee: $1,200.00
Title Search Fee: $225.00
Fair Market Value: $355,000.00
Land: $210,000.00
Improvements: $145,000.00

LAW DAY SET FOR Tuesday, October 24, 2017, for the owner of the equity of redemption, and subsequent
days for subsequent encumbrancers in the inverse order of their priorities.

BY THE COURT (**Hon. Harry E. Calmar**)

*Copies sent Monday, September 11, 2017 to:*
*BENDETT & MCHUGH PC; DAVID BIZAR;*
*WILLIAM JOHN HANLON; SANDRA CALDRELLO*

Sharon Purcell, Admin. Asst.

## JDNO NOTICE

**KNL-CV-12-6014902-S    WELLS FARGO BANK N.A v. CALDRELLO, SANDRA**

Notice Issued: **09/11/2017**

**Court Address:**
CLERK, SUPERIOR COURT
JUDICIAL DISTRICT OF NEW LONDON
70 HUNTINGTON STREET
NEW LONDON, CT 06320

**Notice Content:**
Notice Issued: **09/11/2017**
Docket Number: **KNL-CV-12-6014902-S**
Case Caption: **WELLS FARGO BANK N.A v. CALDRELLO, SANDRA**
Notice Sequence #: **1**

    JDNO NOTICE

DOCKET NUMBER: KNLCV126014902S

WELLS FARGO BANK N.A
vs.
SANDRA CALDRELLO

JUDICIAL DISTRICT
OF NEW LONDON/NORWICH
AT NEW LONDON

JUDGMENT DATE:
Monday, September 11, 2017

Notice of Judgment of Strict Foreclosure

Property Address: 939 Pequot Ave., New London CT

Judgment of Strict Foreclosure is hereby entered as follows:
Attorney fees for Bendett $ McHugh = $4,550.00 Attorney fees for Seyfarth & Shaw= $281,577.00

Debt: $649,852.84 as of 8/8/2017
Attorney Fees: $286,127.00
Total: $935,979.84
Appraisal Fee: $1,200.00
Title Search Fee: $225.00
Fair Market Value: $355,000.00
Land: $210,000.00
Improvements: $145,000.00

LAW DAY SET FOR Tuesday, October 24, 2017, for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

BY THE COURT (Hon. Harry E. Calmar)

Sharon Purcell, Admin. Asst.

**EXHIBIT D**

 **State of Connecticut Judicial Branch**
# Superior Court Case Look-up 

Superior Court Case Look-up
  Civil/Family
  Housing
  Small Claims

Attorney/Firm Juris Number Look-up 🖉

Case Look-up
  By Party Name
  By Docket Number
  By Attorney/Firm Juris Number
  By Property Address

Short Calendar Look-up
  By Court Location
  By Attorney/Firm Juris Number
  Motion to Seal or Close
  Calendar Notices

Court Events Look-up
  By Date
  By Docket Number
  By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales 🖉

Understanding
Display of Case Information

Contact Us



Comments

✎ **KNL-CV12-6014902-S**    **WELLS FARGO BANK N.A v. CALDRELLO, SANDRA**

**Prefix/Suffix:** [none]    **Case Type:** P00    **File Date:** 09/18/2012    **Return Date:** 09/25/2012

Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶

Pending Foreclosure Sales          To receive an email when there is activity on this case, click here. 🖉

Information Updated as of: 06/23/2022

| Case Information |
|---|

**Case Type:** P00 - Property - Foreclosure
**Court Location:** NEW LONDON JD
**Property Address:** 939 Pequot Ave., New London, CT 06320
**List Type:** No List Type
**Trial List Claim:**
**Last Action Date:** 01/13/2022 (The "last action date" is the date the information was entered in the system)

| Disposition Information |
|---|

**Disposition Date:** 09/11/2017
**Disposition:** JUDGMENT OF STRICT FORECLOSURE
**Judge or Magistrate:** HON HARRY CALMAR

| Party & Appearance Information |
|---|

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01  WELLS FARGO BANK N.A** | | | Plaintiff |
| **Attorney:** ✎ BENDETT & MCHUGH PC (102892)  File Date: 09/18/2012<br>270 FARMINGTON AVENUE<br>SUITE 151<br>FARMINGTON, CT 06032 | | | |
| **Attorney:** ✎ SEAN ROBERT HIGGINS (424259)  File Date: 08/25/2021<br>ONE LINCOLN STREET<br>BOSTON, MA 02111 | | | |
| **D-01  SANDRA CALDRELLO** | | | Defendant |
| **Self-Rep:** ✎ 939 PEQUOT AVE<br>NEW LONDON, CT 06320 | File Date: 03/01/2021 | | |
| **Attorney:** ✎ KENNETH A LEARY (033680)<br>164 HEMPSTEAD ST.<br>1ST FLOOR<br>NEW LONDON, CT 06320 | File Date: 01/28/2020 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an ✎ in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the Internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to

the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the Internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 09/18/2012 | P | **SUMMONS** | |
| | 09/18/2012 | P | **COMPLAINT** | |
| | 09/18/2012 | P | **RETURN OF SERVICE** | |
| | 09/25/2012 | | **APPEARANCE** | |
| | 02/19/2013 | D | **APPEARANCE** <br> Appearance | |
| | 01/15/2015 | | **APPEARANCE** | |
| | 03/06/2015 | P | **APPEARANCE** <br> Appearance | |
| | 04/06/2015 | P | **APPEARANCE** <br> Appearance | |
| | 09/02/2015 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 05/31/2016 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 06/27/2016 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 11/23/2016 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM <br> **Last Updated:** Additional Description - 11/28/2016 | |
| | 11/28/2016 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 06/29/2017 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 10/12/2017 | | **ADMINISTRATIVE DOCUMENT** <br> RECLAIM | |
| | 01/28/2020 | D | **APPEARANCE** <br> Appearance | |
| | 03/01/2021 | D | **APPEARANCE** <br> Appearance | |
| | 08/25/2021 | P | **APPEARANCE** <br> Appearance | |
| | 08/25/2021 | P | **APPEARANCE** <br> Appearance | |
| 101.00 | 09/19/2012 | P | **AFFIDAVIT FEDERAL LOSS MITIGATION PROGRAMS (JD-CL-114)** | No |
| 102.10 | 09/18/2012 | P | **FORECLOSURE MEDIATION PLAINTIFF'S COMPLIANCE WITH SERVICE (NO DOCUMENT)** | No |

| | | | | |
|---|---|---|---|---|
| 102.20 | 09/18/2012 | C | **FORECLOSURE MEDIATION – ELIGIBLE CASE (NO DOCUMENT)** | No |
| 102.30 | 10/01/2012 | C | **FORECLOSURE MEDIATION-COMPLIANCE WITH P.A.09-209 (NO DOCUMENT) SEE FORM# JD-CV-109** | No |
| 103.10 | 10/10/2012 | D | **FORECLOSURE MEDIATION REQUEST/CERTIFICATE JD-CV-108**<br>*RESULT*: Order 10/10/2012 BY THE CLERK | No |
| 103.20 | 10/10/2012 | C | ORDER 🗎<br>Mediation scheduled<br>*RESULT*: Order 10/10/2012 BY THE CLERK | No |
| 104.00 | 11/07/2012 | D | **MOTION FOR CONTINUANCE**<br>*RESULT*: Granted 11/7/2012 HON EMMET COSGROVE | No |
| 104.20 | 11/07/2012 | C | ORDER 🗎<br>*RESULT*: Granted 11/7/2012 HON EMMET COSGROVE | No |
| 105.00 | 11/07/2012 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 11/7/2012 HON EMMET COSGROVE | No |
| 105.20 | 11/07/2012 | C | ORDER 🗎<br>Mediation extended to 12/24/12<br>*RESULT*: Granted 11/7/2012 HON EMMET COSGROVE | No |
| 106.00 | 12/03/2012 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 107.00 | 12/03/2012 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 12/3/2012 HON EMMET COSGROVE | No |
| 107.20 | 12/03/2012 | C | ORDER 🗎<br>Mediation extended to 1/20/13<br>*RESULT*: Granted 12/3/2012 HON EMMET COSGROVE | No |
| 108.00 | 01/16/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 1/22/2013 HON EMMET COSGROVE | No |
| 108.20 | 01/22/2013 | C | ORDER 🗎<br>Mediation extended to 2/19/13<br>*RESULT*: Granted 1/22/2013 HON EMMET COSGROVE | No |
| 109.00 | 02/19/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 2/20/2013 HON EMMET COSGROVE | No |
| 109.20 | 02/20/2013 | C | ORDER 🗎<br>Mediation extended to 4/15/13<br>*RESULT*: Granted 2/20/2013 HON EMMET COSGROVE | No |
| 110.00 | 04/12/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION TO SHORTEN MEDIATION PERIOD JD-CV-96**<br>*RESULT*: Withdrawn 4/15/2013 BY THE CLERK<br>**Last Updated**: Result Information - 04/15/2013 | No |
| 110.20 | 04/15/2013 | C | ORDER 🗎<br>Motion marked off- wrong code used<br>*RESULT*: Off 4/15/2013 BY THE CLERK | No |
| 111.00 | 04/15/2013 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95**<br>*RESULT*: Overruled 4/16/2013 HON EMMET COSGROVE | No |
| 111.20 | 04/16/2013 | C | ORDER 🗎<br>Objection overruled<br>*RESULT*: Overruled 4/16/2013 HON EMMET COSGROVE | No |
| 112.00 | 04/15/2013 | D | **WITHDRAWAL OF MOTION** | No |
| 113.00 | 04/15/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 4/16/2013 HON EMMET COSGROVE | No |
| 113.20 | 04/16/2013 | C | ORDER 🗎<br>Mediation extended to 5/31/13 | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT:* Granted 4/16/2013 HON EMMET COSGROVE | |
| 114.00 | 05/23/2013 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Granted 5/23/2013 HON EMMET COSGROVE | No |
| 114.20 | 05/23/2013 | C | **ORDER** 🗐<br>*RESULT:* Granted 5/23/2013 HON EMMET COSGROVE | No |
| 115.00 | 05/23/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR**<br>**MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>Foreclosure Mediation 05/23/2013<br>*RESULT:* Withdrawn 5/23/2013 BY THE CLERK<br>**Last Updated:** Result Information - 05/23/2013 | No |
| 116.00 | 05/23/2013 | D | **WITHDRAWAL OF MOTION**<br>Docket Entry 115.00 | No |
| 117.00 | 05/23/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR**<br>**MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT:* Granted 5/23/2013 HON EMMET COSGROVE | No |
| 117.20 | 05/23/2013 | C | **ORDER** 🗐<br>Mediation extended to 7/18/13<br>*RESULT:* Granted 5/23/2013 HON EMMET COSGROVE | No |
| 118.00 | 06/12/2013 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Granted 6/12/2013 HON EMMET COSGROVE | No |
| 118.20 | 06/12/2013 | C | **ORDER** 🗐<br>*RESULT:* Granted 6/12/2013 HON EMMET COSGROVE | No |
| 119.00 | 06/12/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR**<br>**MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT:* Granted 6/12/2013 HON EMMET COSGROVE | No |
| 119.20 | 06/12/2013 | C | **ORDER** 🗐<br>Mediation extended to 7/31/13<br>*RESULT:* Granted 6/12/2013 HON EMMET COSGROVE | No |
| 120.00 | 07/31/2013 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 121.00 | 08/02/2013 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Order 8/14/2013 HON EMMET COSGROVE | No |
| 121.20 | 08/14/2013 | C | **ORDER** 🗐<br>Motion for continuance granted- Doc's by 9/4/13<br>*RESULT:* Order 8/14/2013 HON EMMET COSGROVE | No |
| 122.00 | 08/02/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR**<br>**MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>Defendant needs time to prepare new financial package<br>for Wells Fargo.<br>*RESULT:* Granted 8/14/2013 HON EMMET COSGROVE | No |
| 122.20 | 08/14/2013 | C | **ORDER** 🗐<br>Mediation extended to 10/4/13<br>*RESULT:* Granted 8/14/2013 HON EMMET COSGROVE | No |
| 123.00 | 08/06/2013 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95**<br>*RESULT:* Overruled 8/14/2013 HON EMMET COSGROVE | No |
| 123.20 | 08/14/2013 | C | **ORDER** 🗐<br>Objection overruled<br>*RESULT:* Overruled 8/14/2013 HON EMMET COSGROVE | No |
| 124.00 | 09/26/2013 | P | **MOTION FOR CONTINUANCE**<br>*RESULT:* Granted 9/27/2013 HON EMMET COSGROVE | No |
| 124.01 | 09/27/2013 | C | **ORDER** 🗐<br>*RESULT:* Granted 9/27/2013 HON EMMET COSGROVE | No |
| 125.00 | 09/26/2013 | P | **FORECLOSURE MEDIATION - MOTION FOR**<br>**MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT:* Granted 9/27/2013 HON EMMET COSGROVE | No |
| 125.01 | 09/27/2013 | C | **ORDER** 🗐<br>*RESULT:* Granted 9/27/2013 HON EMMET COSGROVE | No |
| 126.00 | 11/18/2013 | D | **MOTION FOR CONTINUANCE** | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT*: Granted 11/18/2013 HON EMMET COSGROVE | |
| 126.20 | 11/18/2013 | C | **ORDER** 📄<br>*RESULT*: Granted 11/18/2013 HON EMMET COSGROVE | No |
| 127.00 | 11/18/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>Date of Scheduled Event - 11/19/2013<br>*RESULT*: Granted 11/18/2013 HON EMMET COSGROVE | No |
| 127.20 | 11/18/2013 | C | **ORDER** 📄<br>Mediation extended to 12/17/13<br>*RESULT*: Granted 11/18/2013 HON EMMET COSGROVE | No |
| 128.00 | 12/17/2013 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 129.00 | 12/30/2013 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 2/3/2014 HON EMMET COSGROVE | No |
| 129.10 | 01/06/2014 | C | **ORDER** 📄<br>*RESULT*: Continuance 1/6/2014 HON EMMET COSGROVE | No |
| 129.20 | 01/13/2014 | C | **ORDER** 📄<br>*RESULT*: Order 1/13/2014 HON EMMET COSGROVE | No |
| 129.30 | 02/03/2014 | C | **ORDER** 📄<br>Mediation extended to 3/31/14<br>*RESULT*: Granted 2/3/2014 HON EMMET COSGROVE | No |
| 130.00 | 12/31/2013 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95**<br>*RESULT*: Overruled 2/3/2014 HON EMMET COSGROVE | No |
| 130.10 | 01/06/2014 | C | **ORDER** 📄<br>*RESULT*: Continuance 1/6/2014 HON EMMET COSGROVE | No |
| 130.20 | 01/13/2014 | C | **ORDER** 📄<br>*RESULT*: Order 1/13/2014 HON EMMET COSGROVE | No |
| 130.30 | 02/03/2014 | C | **ORDER** 📄<br>Objection overruled<br>*RESULT*: Overruled 2/3/2014 HON EMMET COSGROVE | No |
| 131.00 | 01/16/2014 | D | **AFFIDAVIT** | No |
| 131.01 | 04/10/2017 | C | **ORDER** 📄<br>*RESULT*: Denied 4/10/2017 HON JOHN NAZZARO | No |
| 132.00 | 03/20/2014 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 133.00 | 04/01/2014 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 4/21/2014 HON EMMET COSGROVE | No |
| 133.50 | 04/21/2014 | C | **ORDER** 📄<br>*RESULT*: Granted 4/21/2014 HON EMMET COSGROVE | No |
| 134.00 | 04/01/2014 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95**<br>*RESULT*: Overruled 4/21/2014 HON EMMET COSGROVE | No |
| 134.50 | 04/21/2014 | C | **ORDER** 📄<br>*RESULT*: Overruled 4/21/2014 HON EMMET COSGROVE | No |
| 135.00 | 06/11/2014 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 136.00 | 06/19/2014 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95**<br>*RESULT*: Overruled 7/14/2014 HON EMMET COSGROVE | No |
| 136.20 | 07/14/2014 | C | **ORDER** 📄<br>*RESULT*: Overruled 7/14/2014 HON EMMET COSGROVE | No |
| 137.00 | 06/19/2014 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96**<br>*RESULT*: Granted 7/14/2014 HON EMMET COSGROVE | No |
| 137.10 | 07/14/2014 | C | **ORDER** 📄<br>*RESULT*: Granted 7/14/2014 HON EMMET COSGROVE | No |

| | | | | |
|---|---|---|---|---|
| 138.00 | 08/20/2014 | C | **FORECLOSURE MEDIATOR'S REPORT** | No |
| 139.00 | 09/03/2014 | D | **FORECLOSURE MEDIATION - MOTION FOR MODIFICATION OF MEDIATION PERIODJD-CV-96** <br> *RESULT:* Order 9/22/2014 HON EMMET COSGROVE | No |
| 139.50 | 09/22/2014 | C | **ORDER** 🗐 <br> DN w/o prejudice <br> *RESULT:* Order 9/22/2014 HON EMMET COSGROVE | No |
| 140.00 | 09/04/2014 | P | **FORECLOSURE MEDIATION - OBJECTION JD-CV-95** <br> *RESULT:* Sustained 9/22/2014 HON EMMET COSGROVE | No |
| 140.50 | 09/22/2014 | C | **ORDER** 🗐 <br> *RESULT:* Sustained 9/22/2014 HON EMMET COSGROVE | No |
| 141.00 | 09/30/2014 | C | **FORECLOSURE MEDIATOR'S FINAL REPORT - MEDIATION PERIOD TERMINATED** | No |
| 142.00 | 12/01/2014 | P | **DEMAND FOR DISCLOSURE OF DEFENSE PB 13-19** | No |
| 143.00 | 12/01/2014 | P | **AFFIDAVIT OF COMPLIANCE WITH EMAP** | No |
| 144.00 | 12/12/2014 | P | **MOTION FOR DEFAULT FOR FAILURE TO DISCLOSE DEFENSE** | No |
| 145.00 | 12/16/2014 | P | **PRELIMINARY STATEMENT OF DEBT** | No |
| 146.00 | 12/19/2014 | P | **MOTION FOR JUDGMENT-STRICT FORECLOSURE** <br> *RESULT:* Granted 9/11/2017 HON HARRY CALMAR | Yes |
| 146.10 | 01/05/2015 | C | **ORDER** 🗐 <br> *RESULT:* Continuance 1/5/2015 HON EMMET COSGROVE | No |
| 146.20 | 01/20/2015 | C | **ORDER** 🗐 <br> *RESULT:* Off 1/20/2015 HON EMMET COSGROVE | No |
| 146.30 | 04/24/2017 | C | **ORDER** 🗐 <br> *RESULT:* Off 4/24/2017 HON JOHN NAZZARO | No |
| 146.50 | 09/11/2017 | C | **ORDER** 🗐 <br> *RESULT:* Granted 9/11/2017 HON HARRY CALMAR <br> **Last Updated:** Entry Number - 09/11/2017 | No |
| 147.00 | 12/30/2014 | P | **MILITARY AFFIDAVIT** | No |
| 148.00 | 12/30/2014 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 149.00 | 12/30/2014 | P | **AFFIDAVIT OF DEBT** | No |
| 150.00 | 12/30/2014 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES** | No |
| 151.00 | 12/30/2014 | P | **OATH OF APPRAISERS** | No |
| 152.00 | 12/30/2014 | P | **APPRAISAL** | No |
| 153.00 | 01/13/2015 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 154.00 | 01/13/2015 | P | **AFFIDAVIT OF DEBT** | No |
| 155.00 | 01/16/2015 | D | **MOTION FOR CONTINUANCE** <br> *RESULT:* Granted 1/20/2015 HON EMMET COSGROVE | No |
| 155.01 | 01/20/2015 | C | **ORDER** 🗐 <br> granted to 2/13/15 <br> *RESULT:* Granted 1/20/2015 HON EMMET COSGROVE | No |
| 156.00 | 01/20/2015 | P | **MOTION FOR DEFAULT-FAILURE TO PLEAD** <br> *RESULT:* Denied 2/9/2015 BY THE CLERK | No |
| 156.01 | 02/09/2015 | C | **ORDER** 🗐 <br> *RESULT:* Denied 2/9/2015 BY THE CLERK | No |
| 157.00 | 01/23/2015 | D | **REPLY** | No |
| 158.00 | 02/02/2015 | D | **DISCLOSURE OF DEFENSE** | No |
| 159.00 | 02/04/2015 | D | **MOTION TO DISMISS** <br> *RESULT:* Denied 4/24/2015 HON EMMET COSGROVE <br> **Last Updated:** Result Information - 04/24/2015 | Yes |

| | | | | |
|---|---|---|---|---|
| 159.10 | 03/23/2015 | C | **ORDER** <br> *RESULT:* Off 3/23/2015 HON EMMET COSGROVE | No |
| 159.50 | 03/23/2015 | C | **ORDER** <br> *RESULT:* Denied 3/23/2015 HON EMMET COSGROVE | No |
| 160.00 | 02/13/2015 | P | **OBJECTION TO MOTION** | No |
| 160.01 | 03/23/2015 | C | **ORDER** <br> *RESULT:* Sustained 3/23/2015 HON EMMET COSGROVE | No |
| 161.00 | 02/11/2015 | D | **COUNTERCLAIM** | No |
| 162.00 | 02/17/2015 | D | **MOTION - SEE FILE** <br> Defendant's counter claims for damages supplement | No |
| 163.00 | 02/17/2015 | D | **MOTION FOR SUMMARY JUDGMENT** <br> *RESULT:* Denied 7/15/2015 HON EMMET COSGROVE <br> **Last Updated:** Result Information - 07/15/2015 | Yes |
| 163.01 | 07/15/2015 | C | **MEMORANDUM OF DECISION ON MOTION** | No |
| 163.10 | 04/28/2015 | C | **ORDER** <br> *RESULT:* Off 4/28/2015 HON EMMET COSGROVE | No |
| 164.00 | 02/23/2015 | P | **REQUEST TO EXTEND TIME TO RESPOND - MOTION FOR SUMMARY JUDGMENT PB 17-45** | No |
| 164.01 | 03/05/2015 | C | **ORDER** <br> *RESULT:* Order 3/5/2015 BY THE CLERK | No |
| 165.00 | 02/24/2015 | P | **REQUEST TO REVISE** <br> Request to Revise Defendant's Counterclaims | No |
| 166.00 | 02/24/2015 | D | **OBJECTION TO MOTION FOR EXTENSION OF TIME** | No |
| 167.00 | 02/26/2015 | D | **MOTION TO CITE ADDITIONAL PARTY** <br> *RESULT:* Denied 3/19/2015 HON EMMET COSGROVE | No |
| 167.50 | 03/19/2015 | C | **ORDER** <br> *RESULT:* Denied 3/19/2015 HON EMMET COSGROVE | No |
| 168.00 | 02/27/2015 | D | **LETTER** | No |
| 169.00 | 03/02/2015 | D | **MOTION FOR SUMMARY JUDGMENT** <br> *RESULT:* Denied 7/15/2015 HON EMMET COSGROVE <br> **Last Updated:** Result Information - 07/15/2015 | Yes |
| 169.01 | 07/15/2015 | C | **MEMORANDUM OF DECISION ON MOTION** | No |
| 169.10 | 04/28/2015 | C | **ORDER** <br> *RESULT:* Off 4/28/2015 HON EMMET COSGROVE | No |
| 170.00 | 03/03/2015 | P | **REQUEST TO EXTEND TIME TO RESPOND - MOTION FOR SUMMARY JUDGMENT PB 17-45** <br> *RESULT:* Granted 3/10/2015 BY THE CLERK | No |
| 170.01 | 03/10/2015 | C | **ORDER** <br> *RESULT:* Granted 3/10/2015 BY THE CLERK | No |
| 171.00 | 03/04/2015 | P | **OBJECTION TO MOTION** <br> Objection to Motion to Cite Additional Parties <br> *RESULT:* Sustained 3/19/2015 HON EMMET COSGROVE | No |
| 171.50 | 03/19/2015 | C | **ORDER** <br> *RESULT:* Sustained 3/19/2015 HON EMMET COSGROVE | No |
| 172.00 | 03/04/2015 | D | **OBJECTION TO MOTION** | No |
| 173.00 | 03/05/2015 | D | **MOTION FOR DEFAULT-FAILURE TO PLEAD** <br> *RESULT:* Denied 3/13/2015 BY THE CLERK | No |
| 173.01 | 03/13/2015 | C | **ORDER** <br> *RESULT:* Denied 3/13/2015 BY THE CLERK | No |
| 174.00 | 03/09/2015 | D | **REPLY** | No |
| 175.00 | 03/11/2015 | D | **MOTION TO COMPEL** <br> *RESULT:* Denied 3/31/2015 HON JAMES DEVINE | No |
| 175.01 | 03/31/2015 | C | | No |

| | | | ORDER 📄 | |
|---|---|---|---|---|
| | | | RESULT: Denied 3/31/2015 HON JAMES DEVINE | |
| 176.00 | 03/11/2015 | D | **AFFIDAVIT** | No |
| 177.00 | 03/16/2015 | D | **ANSWER** | No |
| 178.00 | 03/16/2015 | D | **MOTION FOR EXTENSION OF TIME** | No |
| | | | RESULT: Off 3/31/2015 HON JAMES DEVINE | |
| 178.01 | 03/31/2015 | C | ORDER 📄 | No |
| | | | RESULT: Off 3/31/2015 HON JAMES DEVINE | |
| 179.00 | 03/19/2015 | P | **OBJECTION TO MOTION** | No |
| | | | Objection to Motion to Compel (175.00) | |
| | | | RESULT: Sustained 3/31/2015 HON JAMES DEVINE | |
| 179.01 | 03/31/2015 | C | ORDER 📄 | No |
| | | | RESULT: Sustained 3/31/2015 HON JAMES DEVINE | |
| 180.00 | 03/20/2015 | D | **REQUEST** | No |
| 181.00 | 03/23/2015 | D | **AMENDED COUNTERCLAIM** | No |
| 182.00 | 03/25/2015 | D | **AMENDED COUNTERCLAIM** | No |
| 183.00 | 03/27/2015 | D | **AFFIDAVIT** | No |
| 184.00 | 04/02/2015 | P | **OBJECTION TO MOTION** | No |
| | | | Objection to Motion for Summary Judgment (No. 163) | |
| 185.00 | 04/02/2015 | P | **OBJECTION TO MOTION** | No |
| | | | Objection to Motion for Summary Judgment (No. 169.00) | |
| 186.00 | 04/06/2015 | C | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** | No |
| 187.00 | 04/13/2015 | P | **REQUEST TO EXTEND TIME TO RESPOND TO INTERROGATORIES OR PRODUCTION REQ P.B. 13-7(a) (2)/13-10(a)(2)** | No |
| 187.10 | 04/27/2015 | C | ORDER 📄 | No |
| | | | RESULT: Granted 4/27/2015 HON EMMET COSGROVE | |
| 188.00 | 04/13/2015 | D | **CASEFLOW REQUEST (JD-CV-116)** | No |
| 189.00 | 04/14/2015 | P | **REQUEST TO REVISE** | No |
| | | | Plaintiff's Request to Revise Defendant's Revised Counterclaims (Entry No. 181.00) | |
| 190.00 | 04/14/2015 | D | **OBJECTION TO REQUEST** | No |
| | | | RESULT: Overruled 4/27/2015 HON EMMET COSGROVE | |
| 190.50 | 04/27/2015 | C | ORDER 📄 | No |
| | | | RESULT: Overruled 4/27/2015 HON EMMET COSGROVE | |
| 191.00 | 04/15/2015 | P | **OBJECTION TO REQUEST** | No |
| | | | Objection to Defendant's Caseflow Request (Entry No. 188.00) | |
| 192.00 | 04/16/2015 | P | **MOTION FOR CONTINUANCE** | No |
| | | | Motion to Continue Hearings on Defendant's Motions for Summary Judgment and Caseflow Request | |
| | | | RESULT: Granted 4/16/2015 HON EMMET COSGROVE | |
| 192.01 | 04/16/2015 | C | ORDER 📄 | No |
| | | | RESULT: Granted 4/16/2015 HON EMMET COSGROVE | |
| 193.00 | 04/16/2015 | D | **REPLY** | No |
| 194.00 | 04/16/2015 | D | **MOTION FOR ORDER** | No |
| | | | RESULT: Denied 4/27/2015 HON EMMET COSGROVE | |
| 194.50 | 04/27/2015 | C | ORDER 📄 | No |
| | | | RESULT: Denied 4/27/2015 HON EMMET COSGROVE | |
| 195.00 | 04/16/2015 | D | **REPLY** | No |
| 196.00 | 04/17/2015 | D | **OBJECTION TO MOTION** | No |
| | | | RESULT: Overruled 4/28/2015 HON EMMET COSGROVE | |
| 196.50 | 04/28/2015 | C | ORDER 📄 | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT:* Overruled 4/28/2015 HON EMMET COSGROVE | |
| 197.00 | 04/20/2015 | D | **MOTION FOR CLARIFICATION-COURT ORDER**<br>*RESULT:* Denied 5/11/2015 HON EMMET COSGROVE | No |
| 197.50 | 05/11/2015 | C | ORDER 🗊<br>*RESULT:* Denied 5/11/2015 HON EMMET COSGROVE | No |
| 198.00 | 04/20/2015 | D | **MOTION FOR DEFAULT-FAILURE TO PLEAD**<br>*RESULT:* Denied 5/11/2015 HON EMMET COSGROVE | No |
| 198.50 | 05/11/2015 | C | ORDER 🗊<br>*RESULT:* Denied 5/11/2015 HON EMMET COSGROVE | No |
| 199.00 | 04/23/2015 | D | **REPLY** | No |
| 200.00 | 04/27/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Order (Entry No. 194.00)<br>*RESULT:* Sustained 4/28/2015 HON EMMET COSGROVE | No |
| 200.50 | 04/28/2015 | C | ORDER 🗊<br>*RESULT:* Sustained 4/28/2015 HON EMMET COSGROVE | No |
| 201.00 | 04/27/2015 | P | **AMENDMENT**<br>Amendment to Entry No. 200.00 | No |
| 202.00 | 04/29/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Clarification (Entry No. 197.00)<br>*RESULT:* Sustained 5/11/2015 HON EMMET COSGROVE | No |
| 202.50 | 05/11/2015 | C | ORDER 🗊<br>*RESULT:* Sustained 5/11/2015 HON EMMET COSGROVE | No |
| 203.00 | 04/29/2015 | P | **OBJECTION TO MOTION FOR DEFAULT**<br>Objection to Defendant's Motion for Default (Entry No. 198.00)<br>*RESULT:* Sustained 5/11/2015 HON EMMET COSGROVE | No |
| 203.50 | 05/11/2015 | C | ORDER 🗊<br>*RESULT:* Sustained 5/11/2015 HON EMMET COSGROVE | No |
| 204.00 | 05/06/2015 | D | **AFFIDAVIT** | No |
| 205.00 | 05/06/2015 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 206.00 | 05/19/2015 | P | **OBJECTION TO INTERROGATORIES/PRODUCTION PB 13-8 and 13-10**<br>Responses and Objections to Defendant's Request for Production of Documents | No |
| 207.00 | 05/19/2015 | P | **MOTION FOR NONSUIT FOR FAILURE TO PLEAD**<br>Plaintiff's Motion for Nonsuit | No |
| 208.00 | 05/20/2015 | D | **AMENDED COUNTERCLAIM** | No |
| 209.00 | 05/20/2015 | D | **OBJECTION**<br>*RESULT:* Order 6/8/2015 HON EMMET COSGROVE | No |
| 209.50 | 06/08/2015 | C | ORDER 🗊<br>*RESULT:* Order 6/8/2015 HON EMMET COSGROVE | No |
| 210.00 | 05/21/2015 | D | **MOTION FOR ORDER**<br>*RESULT:* Denied 6/8/2015 HON EMMET COSGROVE<br>**Last Updated:** Result Information - 06/09/2015 | No |
| 210.50 | 06/08/2015 | C | ORDER 🗊<br>*RESULT:* Denied 6/8/2015 HON EMMET COSGROVE | No |
| 211.00 | 05/29/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Compliance with Discovery (Entry No. 210.00)<br>*RESULT:* Sustained 6/8/2015 HON EMMET COSGROVE | No |
| 211.50 | 06/08/2015 | C | ORDER 🗊<br>*RESULT:* Sustained 6/8/2015 HON EMMET COSGROVE | No |
| 212.00 | 06/01/2015 | D | **REPLY** | No |

| | | | | |
|---|---|---|---|---|
| 213.00 | 06/04/2015 | P | **MOTION FOR EXTENSION OF TIME**<br>Motion for Extension of Time to Respond to Defendant's Counterclaims (Entry No. 208.00)<br>*RESULT:* Granted 6/23/2015 HON EMMET COSGROVE | No |
| 213.50 | 06/23/2015 | C | **ORDER** 🗐<br>*RESULT:* Granted 6/23/2015 HON EMMET COSGROVE | No |
| 214.00 | 06/08/2015 | D | **OBJECTION TO MOTION**<br>*RESULT:* Overruled 6/23/2015 HON EMMET COSGROVE | No |
| 214.50 | 06/23/2015 | C | **ORDER** 🗐<br>*RESULT:* Overruled 6/23/2015 HON EMMET COSGROVE | No |
| 215.00 | 07/02/2015 | P | **REQUEST**<br>for Permission to Exceed Page Limit<br>*RESULT:* Granted 7/20/2015 HON EMMET COSGROVE | No |
| 215.01 | 07/20/2015 | C | **ORDER** 🗐<br>*RESULT:* Granted 7/20/2015 HON EMMET COSGROVE | No |
| 216.00 | 07/02/2015 | P | **MOTION FOR EXTENSION OF TIME**<br>*RESULT:* Granted 7/20/2015 HON EMMET COSGROVE | No |
| 216.01 | 07/20/2015 | C | **ORDER** 🗐<br>*RESULT:* Granted 7/20/2015 HON EMMET COSGROVE | No |
| 217.00 | 07/08/2015 | D | **REQUEST** | No |
| 218.00 | 07/09/2015 | D | **OBJECTION TO REQUEST**<br>*RESULT:* Overruled 7/20/2015 HON EMMET COSGROVE | No |
| 218.01 | 07/20/2015 | C | **ORDER** 🗐<br>*RESULT:* Overruled 7/20/2015 HON EMMET COSGROVE | No |
| 219.00 | 07/30/2015 | C | **MOTION FOR ORDER**<br>*RESULT:* Denied 8/17/2015 HON EMMET COSGROVE | No |
| 219.10 | 08/17/2015 | C | **ORDER** 🗐<br>*RESULT:* Denied 8/17/2015 HON EMMET COSGROVE | No |
| 220.00 | 08/04/2015 | P | **MEMORANDUM IN SUPPORT OF MOTION**<br>Memorandum of Law in Support of Plaintiff's Motion to Strike Defendant's Revised Counterclaim | No |
| 221.00 | 08/04/2015 | P | **MOTION TO STRIKE**<br>Motion to Strike Defendant's Revised Counterclaims<br>*RESULT:* Granted 1/5/2016 HON EMMET COSGROVE | Yes |
| 221.01 | 01/05/2016 | C | **ORDER** 🗐<br>*RESULT:* Granted 1/5/2016 HON EMMET COSGROVE | No |
| 221.50 | 01/05/2016 | C | **MEMORANDUM OF DECISION ON MOTION** 🗐 | No |
| 222.00 | 08/03/2015 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT:* Denied 8/17/2015 HON EMMET COSGROVE<br>**Last Updated:**  Date Filed - 08/06/2015 | No |
| 222.10 | 08/17/2015 | C | **ORDER** 🗐<br>*RESULT:* Denied 8/17/2015 HON EMMET COSGROVE | No |
| 223.00 | 08/07/2015 | P | **OBJECTION TO REQUEST**<br>Plaintiff's Objection to Defendant's Request for Additional Documents<br>*RESULT:* Sustained 8/17/2015 HON EMMET COSGROVE | No |
| 223.10 | 08/17/2015 | C | **ORDER** 🗐<br>*RESULT:* Sustained 8/17/2015 HON EMMET COSGROVE | No |
| 224.00 | 08/11/2015 | P | **OBJECTION TO MOTION FOR DEFAULT**<br>*RESULT:* Sustained 8/17/2015 HON EMMET COSGROVE | No |
| 224.10 | 08/17/2015 | C | **ORDER** 🗐<br>*RESULT:* Sustained 8/17/2015 HON EMMET COSGROVE | No |
| 225.00 | 08/12/2015 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion for Reconsideration of Summary Judgment<br>*RESULT:* Sustained 8/17/2015 HON EMMET COSGROVE | No |

| | | | | |
|---|---|---|---|---|
| 225.10 | 08/17/2015 | C | **ORDER** 📄<br>*RESULT*: Sustained 8/17/2015 HON EMMET COSGROVE | No |
| 226.00 | 08/12/2015 | D | **REPLY** | No |
| 227.00 | 08/14/2015 | D | **REPLY** | No |
| 228.00 | 08/17/2015 | D | **MOTION TO CITE ADDITIONAL PARTY**<br>*RESULT*: Denied 9/16/2015 HON EMMET COSGROVE | No |
| 228.01 | 09/16/2015 | C | **ORDER** 📄<br>*RESULT*: Denied 9/16/2015 HON EMMET COSGROVE | No |
| 229.00 | 08/27/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion to Cite New Party<br>*RESULT*: Sustained 9/16/2015 HON EMMET COSGROVE | No |
| 229.01 | 09/16/2015 | C | **ORDER** 📄<br>*RESULT*: Sustained 9/16/2015 HON EMMET COSGROVE | No |
| 230.00 | 09/01/2015 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT*: Granted 9/16/2015 HON EMMET COSGROVE | No |
| 230.01 | 09/16/2015 | C | **ORDER** 📄<br>GR to 10/3/15<br>*RESULT*: Granted 9/16/2015 HON EMMET COSGROVE | No |
| 231.00 | 09/02/2015 | D | **MOTION TO CITE ADDITIONAL PARTY**<br>AMENDED MOTION TO CITE<br>*RESULT*: Denied 9/16/2015 HON EMMET COSGROVE | No |
| 231.01 | 09/16/2015 | C | **ORDER** 📄<br>*RESULT*: Denied 9/16/2015 HON EMMET COSGROVE | No |
| 232.00 | 09/10/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Amended Motion to Cite New Party<br>*RESULT*: Sustained 9/16/2015 HON EMMET COSGROVE | No |
| 232.01 | 09/16/2015 | C | **ORDER** 📄<br>*RESULT*: Sustained 9/16/2015 HON EMMET COSGROVE | No |
| 233.00 | 09/10/2015 | D | **MOTION TO CITE ADDITIONAL PARTY**<br>Second Amended Motion to Cite<br>*RESULT*: Denied 9/30/2015 HON EMMET COSGROVE | No |
| 233.50 | 09/30/2015 | C | **ORDER** 📄<br>*RESULT*: Denied 9/30/2015 HON EMMET COSGROVE | No |
| 234.00 | 09/10/2015 | D | **MOTION FOR EXTENSION OF TIME**<br>Addendum to Motion for Extension of Time | No |
| 235.00 | 09/22/2015 | P | **OBJECTION**<br>Objection to Defendant's Second Amended Motion to Cite New Party<br>*RESULT*: Sustained 10/1/2015 HON EMMET COSGROVE | No |
| 235.50 | 10/01/2015 | C | **ORDER** 📄<br>*RESULT*: Sustained 10/1/2015 HON EMMET COSGROVE | No |
| 236.00 | 09/23/2015 | D | **AFFIDAVIT** | No |
| 237.00 | 09/24/2015 | D | **AFFIDAVIT** | No |
| 238.00 | 09/24/2015 | D | **AFFIDAVIT** | No |
| 239.00 | 10/05/2015 | D | **OBJECTION TO MOTION** | No |
| 240.00 | 10/07/2015 | D | **REQUEST** | No |
| 241.00 | 10/13/2015 | P | **OBJECTION TO REQUEST TO AMEND**<br>Objection to Defendant's Request to Amend Opposition to Plaintiff's Motion to Strike<br>*RESULT*: Sustained 10/26/2015 HON EMMET COSGROVE | No |
| 241.50 | 10/26/2015 | C | **ORDER** 📄<br>*RESULT*: Sustained 10/26/2015 HON EMMET COSGROVE | No |

| | | | | |
|---|---|---|---|---|
| 242.00 | 10/14/2015 | D | **MOTION FOR DEFAULT FOR FAILURE TO DISCLOSE DEFENSE**<br>*RESULT:* Denied 11/3/2015 HON EMMET COSGROVE | No |
| 242.01 | 11/03/2015 | C | ORDER 🖥<br>*RESULT:* Denied 11/3/2015 HON EMMET COSGROVE | No |
| 243.00 | 10/23/2015 | D | **COUNTERCLAIM**<br>DEFENDANT'S ADDENDUM | No |
| 244.00 | 11/02/2015 | P | **OBJECTION TO MOTION FOR DEFAULT**<br>Plaintiff's Objection to Defendant's Motion for Default<br>(Entry No. 242.00)<br>*RESULT:* Sustained 11/3/2015 HON EMMET COSGROVE | No |
| 244.01 | 11/03/2015 | C | ORDER 🖥<br>*RESULT:* Sustained 11/3/2015 HON EMMET COSGROVE | No |
| 245.00 | 11/06/2015 | P | **MOTION TO STRIKE**<br>Plaintiff's Motion to Strike Defendant's Addendum to<br>Counterclaims (Entry No. 243.00)<br>*RESULT:* Granted 12/4/2015 HON EMMET COSGROVE | Yes |
| 245.01 | 12/04/2015 | C | ORDER 🖥<br>*RESULT:* Granted 12/4/2015 HON EMMET COSGROVE | No |
| 246.00 | 11/10/2015 | D | **OBJECTION TO MOTION**<br>*RESULT:* Overruled 12/4/2015 HON EMMET COSGROVE | No |
| 246.01 | 12/04/2015 | C | ORDER 🖥<br>*RESULT:* Overruled 12/4/2015 HON EMMET COSGROVE | No |
| 247.00 | 11/12/2015 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT:* Denied 12/4/2015 HON EMMET COSGROVE | No |
| 247.01 | 12/04/2015 | C | ORDER 🖥<br>*RESULT:* Denied 12/4/2015 HON EMMET COSGROVE | No |
| 248.00 | 11/19/2015 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Reconsideration<br>*RESULT:* Sustained 12/4/2015 HON EMMET COSGROVE | No |
| 248.01 | 12/04/2015 | C | ORDER 🖥<br>*RESULT:* Sustained 12/4/2015 HON EMMET COSGROVE | No |
| 249.00 | 11/20/2015 | D | **REPLY** | No |
| 250.00 | 12/10/2015 | D | **MOTION FOR CLARIFICATION-COURT ORDER**<br>*RESULT:* Order 12/17/2015 HON EMMET COSGROVE | No |
| 250.01 | 12/17/2015 | C | ORDER 🖥<br>*RESULT:* Order 12/17/2015 HON EMMET COSGROVE | No |
| 251.00 | 12/18/2015 | D | **REQUEST FOR LEAVE TO FILE MOTION FOR MODIFICATION**<br>*RESULT:* Order 1/19/2016 HON EMMET COSGROVE | No |
| 251.01 | 01/19/2016 | C | ORDER 🖥<br>*RESULT:* Order 1/19/2016 HON EMMET COSGROVE | No |
| 252.00 | 01/04/2016 | P | **OBJECTION TO REQUEST TO AMEND**<br>Plaintiff's Objection to Defendant's Request for Leave to<br>Amend (Entry No. 251.00)<br>**Last Updated:** Result Information - 01/20/2016 | No |
| 253.00 | 01/20/2016 | D | **AMENDED COUNTERCLAIM**<br>All Counts stricken but #29<br>**Last Updated:** Additional Description - 05/06/2016 | No |
| 254.00 | 01/22/2016 | D | **AFFIDAVIT** | No |
| 255.00 | 01/25/2016 | D | **REQUEST FOR LEAVE TO FILE MOTION FOR MODIFICATION** | No |
| 256.00 | 01/25/2016 | D | **AMENDED COUNTERCLAIM** | No |
| 257.00 | 02/03/2016 | P | **MOTION FOR CONTINUANCE**<br>*RESULT:* Granted 2/8/2016 HON EMMET COSGROVE | No |
| 257.01 | 02/08/2016 | C | ORDER 🖥 | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT*: Granted 2/8/2016 HON EMMET COSGROVE | |
| 258.00 | 02/04/2016 | P | **MOTION TO STRIKE**<br>Plaintiff?s Motion to Strike Defendant?s Amended Counterclaims (Entry No. 253.00)<br>*RESULT*: Order 5/5/2016 HON EMMET COSGROVE | Yes |
| 258.01 | 05/05/2016 | C | **ORDER** 📄<br>*RESULT*: Order 5/5/2016 HON EMMET COSGROVE | No |
| 259.00 | 02/09/2016 | P | **OBJECTION TO REQUEST**<br>Plaintiff?s Objection to Defendant?s Request for Leave to Amend<br>*RESULT*: Sustained 2/23/2016 HON EMMET COSGROVE | No |
| 259.01 | 02/23/2016 | C | **ORDER** 📄<br>*RESULT*: Sustained 2/23/2016 HON EMMET COSGROVE | No |
| 259.50 | 05/05/2016 | C | **MEMORANDUM OF DECISION ON MOTION** 📄 | No |
| 260.00 | 03/04/2016 | D | **OBJECTION TO MOTION**<br>*RESULT*: Order 5/5/2016 HON EMMET COSGROVE | No |
| 260.01 | 05/05/2016 | C | **ORDER** 📄<br>*RESULT*: Order 5/5/2016 HON EMMET COSGROVE | No |
| 261.00 | 03/04/2016 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>**Last Updated:** Party Type - 03/07/2016 | No |
| 262.00 | 03/15/2016 | D | **MOTION TO COMPEL**<br>*RESULT*: Denied 6/29/2016 HON EMMET COSGROVE<br>**Last Updated:** Result Information - 06/30/2016 | No |
| 262.01 | 03/28/2016 | C | **ORDER** 📄<br>*RESULT*: Off 3/28/2016 HON EMMET COSGROVE | No |
| 262.02 | 04/18/2016 | C | **ORDER** 📄<br>*RESULT*: Order 4/18/2016 HON EMMET COSGROVE | No |
| 262.03 | 05/09/2016 | C | **ORDER** 📄<br>*RESULT*: Off 5/9/2016 HON EMMET COSGROVE | No |
| 262.04 | 06/29/2016 | C | **ORDER** 📄<br>*RESULT*: Denied 6/29/2016 HON EMMET COSGROVE | No |
| 263.00 | 03/11/2016 | C | **SCHEDULING ORDER** | No |
| 264.00 | 03/30/2016 | P | **OBJECTION TO MOTION**<br>Wells Fargo's Objection to Defendant's Motion to Compel (Docket Entry No. 262.00)<br>*RESULT*: Order 6/30/2016 HON EMMET COSGROVE | No |
| 264.01 | 06/30/2016 | C | **ORDER** 📄<br>*RESULT*: Order 6/30/2016 HON EMMET COSGROVE | No |
| 265.00 | 04/08/2016 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT*: Granted 4/13/2016 HON EMMET COSGROVE | No |
| 265.01 | 04/13/2016 | C | **ORDER** 📄<br>*RESULT*: Granted 4/13/2016 HON EMMET COSGROVE | No |
| 266.00 | 04/08/2016 | D | **REPLY** | No |
| 267.00 | 05/06/2016 | P | **OBJECTION TO MOTION**<br>Plaintiff's Supplement to its Objection (264.00) to Defendant's Motion to Compel (262.00) | No |
| 268.00 | 05/17/2016 | D | **REPLY** | No |
| 269.00 | 06/15/2016 | P | **MOTION FOR SUMMARY JUDGMENT**<br>Plaintiff's Motion for Summary Judgment<br>*RESULT*: Granted 12/2/2016 HON EMMET COSGROVE | Yes |
| 269.01 | 12/02/2016 | C | **ORDER** 📄<br>*RESULT*: Granted 12/2/2016 HON EMMET COSGROVE | No |
| 270.00 | 06/28/2016 | D | **REQUEST** | No |
| 271.00 | 06/28/2016 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT*: Order 7/11/2016 HON EMMET COSGROVE | No |

| | | | | |
|---|---|---|---|---|
| 271.01 | 07/11/2016 | C | **ORDER** 📝<br>*RESULT:* Order 7/11/2016 HON EMMET COSGROVE | No |
| 272.00 | 07/06/2016 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Request for Extension of Time<br>*RESULT:* Order 7/11/2016 HON EMMET COSGROVE | No |
| 272.01 | 07/11/2016 | C | **ORDER** 📝<br>*RESULT:* Order 7/11/2016 HON EMMET COSGROVE | No |
| 273.00 | 07/08/2016 | D | **REPLY** | No |
| 274.00 | 07/12/2016 | P | **OBJECTION TO REQUEST**<br>Plaintiff's Objection to Defendant's Supplemental Request for Documents<br>*RESULT:* Sustained 11/10/2016 HON EMMET COSGROVE | No |
| 274.01 | 11/10/2016 | C | **ORDER** 📝<br>*RESULT:* Sustained 11/10/2016 HON EMMET COSGROVE | No |
| 275.00 | 07/18/2016 | C | **ORDER** 📝<br>*RESULT:* Order 7/18/2016 HON EMMET COSGROVE | No |
| 276.00 | 07/18/2016 | D | **REQUEST**<br>*RESULT:* Denied 11/10/2016 HON EMMET COSGROVE | No |
| 276.01 | 11/10/2016 | C | **ORDER** 📝<br>*RESULT:* Denied 11/10/2016 HON EMMET COSGROVE | No |
| 277.00 | 08/15/2016 | D | **OBJECTION TO MOTION**<br>*RESULT:* Overruled 12/2/2016 HON EMMET COSGROVE | No |
| 277.01 | 12/02/2016 | C | **ORDER** 📝<br>*RESULT:* Overruled 12/2/2016 HON EMMET COSGROVE | No |
| 278.00 | 08/26/2016 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>Schedule Motion for Summary Judgment (269.00) and Objection (277.00) for 9/19/16 Short Calendar.<br>*RESULT:* Order 9/9/2016 HON EMMET COSGROVE | No |
| 278.01 | 09/09/2016 | C | **ORDER** 📝<br>*RESULT:* Order 9/9/2016 HON EMMET COSGROVE | No |
| 279.00 | 09/07/2016 | D | **MOTION TO COMPEL**<br>*RESULT:* Denied 11/10/2016 HON EMMET COSGROVE | No |
| 279.01 | 11/10/2016 | C | **ORDER** 📝<br>*RESULT:* Denied 11/10/2016 HON EMMET COSGROVE | No |
| 280.00 | 09/09/2016 | D | **AFFIDAVIT** | No |
| 281.00 | 09/09/2016 | D | **AFFIDAVIT** | No |
| 282.00 | 09/12/2016 | D | **AFFIDAVIT** | No |
| 283.00 | 09/14/2016 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>Request to Reschedule Hearing on Wells Fargo's Motion for Summary Judgment<br>*RESULT:* Granted 9/16/2016 HON EMMET COSGROVE | No |
| 283.01 | 09/16/2016 | C | **ORDER** 📝<br>*RESULT:* Granted 9/16/2016 HON EMMET COSGROVE | No |
| 284.00 | 09/16/2016 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion to Compel Discovery<br>*RESULT:* Sustained 11/10/2016 HON EMMET COSGROVE | No |
| 284.01 | 11/10/2016 | C | **ORDER** 📝<br>*RESULT:* Sustained 11/10/2016 HON EMMET COSGROVE | No |
| 285.00 | 09/19/2016 | D | **REPLY** | No |
| 286.00 | 10/03/2016 | D | **MOTION TO STRIKE**<br>*RESULT:* Denied 12/2/2016 HON EMMET COSGROVE | Yes |

| | | | | |
|---|---|---|---|---|
| 286.01 | 12/02/2016 | C | **ORDER** 📄<br>*RESULT:* Denied 12/2/2016 HON EMMET COSGROVE | No |
| 287.00 | 11/01/2016 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion to Strike (Dkt. No. 286.00)<br>*RESULT:* Sustained 12/2/2016 HON EMMET COSGROVE | No |
| 287.01 | 12/02/2016 | C | **ORDER** 📄<br>*RESULT:* Sustained 12/2/2016 HON EMMET COSGROVE | No |
| 288.00 | 11/03/2016 | D | **REPLY** | No |
| 289.00 | 11/09/2016 | P | **REPLY MEMORANDUM**<br>Plaintiff's Reply in Further Support of its Motion for<br>Summary Judgment | No |
| 290.00 | 11/10/2016 | D | **REPLY** | No |
| 291.00 | 11/09/2016 | D | **OBJECTION**<br>*RESULT:* Overruled 12/2/2016 HON EMMET COSGROVE | No |
| 291.01 | 12/02/2016 | C | **ORDER** 📄<br>*RESULT:* Order 12/2/2016 HON EMMET COSGROVE | No |
| 292.00 | 11/14/2016 | D | **REPLY** | No |
| 293.00 | 11/18/2016 | P | **OBJECTION**<br>Wells Fargo's Objection to Docket Entries No. 291.00 and<br>292.00<br>*RESULT:* Order 12/2/2016 HON EMMET COSGROVE | No |
| 293.01 | 12/02/2016 | C | **ORDER** 📄<br>*RESULT:* Order 12/2/2016 HON EMMET COSGROVE | No |
| 294.00 | 11/23/2016 | D | **REPLY** | No |
| 295.00 | 12/02/2016 | C | **MEMORANDUM OF DECISION ON MOTION** 📄<br>FOR MOTION FOR SUMMARY JUDGMENT & MOTION<br>TO STRIKE | No |
| 296.00 | 12/05/2016 | D | **MOTION FOR ORDER**<br>*RESULT:* Denied 12/20/2016 HON EMMET COSGROVE<br>**Last Updated:** Result Information - 12/20/2016 | No |
| 296.01 | 12/20/2016 | C | **ORDER** 📄<br>*RESULT:* Denied 12/20/2016 HON EMMET COSGROVE | No |
| 297.00 | 12/08/2016 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Order (Dkt. No. 296)<br>*RESULT:* Sustained 12/20/2016 HON EMMET<br>COSGROVE | No |
| 297.01 | 12/20/2016 | C | **ORDER** 📄<br>*RESULT:* Sustained 12/20/2016 HON EMMET<br>COSGROVE | No |
| 298.00 | 12/22/2016 | D | **ENTRY ERASED TO CORRECT ERROR**<br>all pages did not scan<br>**Last Updated:** Additional Description - 12/27/2016 | No |
| 299.00 | 12/22/2016 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT:* Denied 1/9/2017 HON EMMET COSGROVE | No |
| 299.01 | 01/09/2017 | C | **ORDER** 📄<br>*RESULT:* Denied 1/9/2017 HON EMMET COSGROVE | No |
| 300.00 | 12/27/2016 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 301.00 | 01/04/2017 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion to Reargue<br>(Docket Entry No. 299.00)<br>*RESULT:* Sustained 1/9/2017 HON EMMET COSGROVE | No |
| 301.01 | 01/09/2017 | C | **ORDER** 📄<br>*RESULT:* Sustained 1/9/2017 HON EMMET COSGROVE | No |
| 302.00 | 01/06/2017 | D | **REPLY** | No |
| 303.00 | 01/12/2017 | D | **NOTICE OF INTENTION TO APPEAL** | No |

| | | | | |
|---|---|---|---|---|
| 304.00 | 01/13/2017 | D | **MOTION FOR ARTICULATION**<br>*RESULT:* Denied 1/18/2017 HON EMMET COSGROVE | No |
| 304.01 | 01/18/2017 | C | ORDER 🗐<br>*RESULT:* Denied 1/18/2017 HON EMMET COSGROVE | No |
| 305.00 | 02/07/2017 | D | **MOTION FOR EXTENSION OF TIME TO FILE APPEAL**<br>*RESULT:* Order 2/21/2017 HON EMMET COSGROVE | No |
| 305.01 | 02/21/2017 | C | ORDER 🗐<br>*RESULT:* Order 2/21/2017 HON EMMET COSGROVE | No |
| 306.00 | 02/07/2017 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 307.00 | 02/21/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Extension of Time to<br>File Appeal (Entry No. 305.00) | No |
| 308.00 | 02/21/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Supplement In Further Support of<br>Motion to Reargue (Entry No. 306.00)<br>*RESULT:* Order 3/9/2017 HON EMMET COSGROVE | No |
| 308.01 | 03/09/2017 | C | ORDER 🗐<br>*RESULT:* Order 3/9/2017 HON EMMET COSGROVE | No |
| 309.00 | 03/02/2017 | D | **REPLY** | No |
| 310.00 | 03/29/2017 | D | **MOTION FOR ORDER**<br>*RESULT:* Denied 4/10/2017 HON JOHN NAZZARO | No |
| 310.01 | 04/10/2017 | C | ORDER 🗐<br>*RESULT:* Denied 4/10/2017 HON JOHN NAZZARO | No |
| 311.00 | 03/31/2017 | P | **PRELIMINARY STATEMENT OF DEBT** | No |
| 312.00 | 04/05/2017 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion for Quiet Title<br>*RESULT:* Sustained 4/10/2017 HON JOHN NAZZARO | No |
| 312.01 | 04/10/2017 | C | ORDER 🗐<br>*RESULT:* Sustained 4/10/2017 HON JOHN NAZZARO | No |
| 313.00 | 04/05/2017 | D | **REQUEST FOR ARGUMENT - NON-ARG MATTER (JD-<br>CV-128)**<br>*RESULT:* Denied 4/10/2017 HON JOHN NAZZARO | No |
| 314.00 | 04/06/2017 | D | **REPLY** | No |
| 315.00 | 04/12/2017 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT:* Denied 5/9/2017 HON JOHN NAZZARO | No |
| 315.01 | 05/09/2017 | C | ORDER 🗐<br>*RESULT:* Denied 5/9/2017 HON JOHN NAZZARO | No |
| 316.00 | 04/13/2017 | D | **APPLICATION FOR ISSUANCE OF SUBPOENA BY<br>SELF-REP PARTY - PB SEC 7-19**<br>*RESULT:* Denied 4/13/2017 HON JOHN NAZZARO | No |
| 316.01 | 04/13/2017 | C | ORDER 🗐<br>*RESULT:* Denied 4/13/2017 HON JOHN NAZZARO | No |
| 317.00 | 04/17/2017 | D | **REQUEST FOR HEARING, DENIED APPLICATION FOR<br>ISSUANCE OF SUBPOENA (JD-CL-137)**<br>*RESULT:* Denied 5/4/2017 HON JOHN NAZZARO | No |
| 317.01 | 05/04/2017 | C | ORDER 🗐<br>*RESULT:* Denied 5/4/2017 HON JOHN NAZZARO | No |
| 318.00 | 04/20/2017 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion for<br>Reconsideration (Docket Entry No. 315.00)<br>*RESULT:* Sustained 5/9/2017 HON JOHN NAZZARO | No |
| 318.01 | 05/09/2017 | C | ORDER 🗐<br>*RESULT:* Sustained 5/9/2017 HON JOHN NAZZARO | No |
| 319.00 | 04/20/2017 | P | **MILITARY AFFIDAVIT** | No |
| 320.00 | 04/20/2017 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |

| | | | | |
|---|---|---|---|---|
| 321.00 | 04/20/2017 | P | **AFFIDAVIT OF DEBT** | No |
| 322.00 | 04/20/2017 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES** | No |
| 323.00 | 04/20/2017 | P | **OATH OF APPRAISERS** | No |
| 324.00 | 04/20/2017 | P | **APPRAISAL**<br>current dated April 10, 2017 | No |
| 325.00 | 04/20/2017 | P | **APPRAISAL**<br>dated December 12, 2016 | No |
| 326.00 | 04/20/2017 | D | **APPLICATION FOR ISSUANCE OF SUBPOENA BY SELF-REP PARTY - PB SEC 7-19**<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO | No |
| 326.01 | 04/21/2017 | C | **ORDER** 🗐<br>*RESULT:* Granted 4/21/2017 HON ROBERT VACCHELLI | No |
| 326.02 | 05/08/2017 | C | **ORDER** 🗐<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO | No |
| 327.00 | 04/21/2017 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES**<br>Affidavit of Seyfarth Shaw's Attorney's Fees and Costs | No |
| 328.00 | 04/21/2017 | D | **NOTICE OF INTENTION TO ARGUE OR PRESENT TESTIMONY PB 11-18(a)(2)** | No |
| 329.00 | 04/21/2017 | D | **REQUEST FOR ARGUMENT - NON-ARG MATTER (JD-CV-128)** | No |
| 330.00 | 04/21/2017 | D | **SUBPOENA ISSUED**<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO<br>*Watermark* | No |
| 330.01 | 05/08/2017 | C | **ORDER** 🗐<br>VACATED<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO | No |
| 331.00 | 04/21/2017 | D | **SUBPOENA ISSUED**<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO<br>*Watermark* | No |
| 331.01 | 05/08/2017 | C | **ORDER** 🗐<br>VACATED<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO | No |
| 332.00 | 04/21/2017 | D | **MOTION FOR ORDER**<br>MOTION FOR A TRIAL BY JURY<br>*RESULT:* Denied 5/8/2017 HON JOHN NAZZARO | No |
| 332.01 | 05/08/2017 | C | **ORDER** 🗐<br>*RESULT:* Denied 5/8/2017 HON JOHN NAZZARO | No |
| 333.00 | 04/24/2017 | P | **MOTION TO QUASH**<br>Plaintiff's Motion to Quash Subpoenas (Dkt. 330.00 and 331.00)<br>*RESULT:* Granted 5/8/2017 HON JOHN NAZZARO | No |
| 333.01 | 05/08/2017 | C | **ORDER** 🗐<br>*RESULT:* Granted 5/8/2017 HON JOHN NAZZARO | No |
| 334.00 | 04/24/2017 | P | **MOTION TO REARGUE/RECONSIDER**<br>Plaintiff's Motion to Reargue Docket 326.01<br>*RESULT:* Granted 5/8/2017 HON JOHN NAZZARO | No |
| 334.01 | 05/08/2017 | C | **ORDER** 🗐<br>*RESULT:* Granted 5/8/2017 HON JOHN NAZZARO | No |
| 335.00 | 05/04/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for a Jury Trial (Dkt. 332.00)<br>*RESULT:* Sustained 5/8/2017 HON JOHN NAZZARO | No |
| 335.01 | 05/08/2017 | C | **ORDER** 🗐<br>*RESULT:* Sustained 5/8/2017 HON JOHN NAZZARO | No |
| 336.00 | 05/05/2017 | D | **MOTION FOR ORDER**<br>*RESULT:* Order 5/8/2017 HON JOHN NAZZARO | No |

| 336.01 | 05/08/2017 | C | ORDER 🖉 | No |
|---|---|---|---|---|
| | | | RESULT: Order 5/8/2017 HON JOHN NAZZARO | |
| 337.00 | 05/05/2017 | D | **OBJECTION TO MOTION** | No |
| | | | RESULT: Overruled 5/8/2017 HON JOHN NAZZARO | |
| 337.01 | 05/08/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Overruled 5/8/2017 HON JOHN NAZZARO | |
| 338.00 | 05/05/2017 | D | **REPLY** | No |
| 339.00 | 05/08/2017 | D | **MOTION FOR SUMMARY JUDGMENT** | Yes |
| | | | RESULT: Denied 8/17/2017 HON JOSEPH KOLETSKY | |
| 339.01 | 07/17/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Denied 7/17/2017 HON JOHN NAZZARO | |
| 339.02 | 07/20/2017 | C | ORDER 🖉 | No |
| | | | FURTHER ORDERS | |
| | | | RESULT: Order 7/20/2017 HON JOHN NAZZARO | |
| 339.03 | 08/17/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Denied 8/17/2017 HON JOSEPH KOLETSKY | |
| 340.00 | 06/22/2017 | P | **OBJECTION TO MOTION** | No |
| | | | Plaintiff's Objection to Defendant's Motion for Summary Judgment | |
| | | | RESULT: Sustained 7/17/2017 HON JOHN NAZZARO | |
| 340.01 | 07/17/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Sustained 7/17/2017 HON JOHN NAZZARO | |
| 341.00 | 06/22/2017 | P | **AFFIDAVIT OF DEBT** | No |
| | | | Amended Affidavit of Debt | |
| 342.00 | 06/22/2017 | P | **NOTICE** | No |
| | | | Notice of Supplemental Document Production | |
| 343.00 | 07/06/2017 | D | **REPLY** | No |
| 344.00 | 07/13/2017 | D | **REPLY** | No |
| | | | SUPPLEMENTAL | |
| 345.00 | 07/18/2017 | D | **MOTION FOR DISQUALIFICATION OF JUDICIAL AUTHORITY PB 1-23** | No |
| | | | RESULT: Off 7/31/2017 HON JOHN NAZZARO | |
| 345.01 | 07/31/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Off 7/31/2017 HON JOHN NAZZARO | |
| 345.02 | 08/08/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Order 8/8/2017 HON JOHN NAZZARO | |
| 345.03 | 08/07/2017 | C | **TRANSCRIPT** | No |
| 346.00 | 07/20/2017 | D | **MOTION FOR DISQUALIFICATION OF JUDICIAL AUTHORITY PB 1-23** | No |
| | | | RESULT: Denied 8/17/2017 HON JOSEPH KOLETSKY | |
| 346.01 | 08/08/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Order 8/8/2017 HON JOHN NAZZARO | |
| 346.02 | 08/08/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Order 8/8/2017 HON JOHN NAZZARO | |
| 346.03 | 08/17/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Denied 8/17/2017 HON JOSEPH KOLETSKY | |
| 347.00 | 07/31/2017 | D | **CASEFLOW REQUEST (JD-CV-116)** | No |
| | | | RESULT: Denied 8/21/2017 HON JOHN NAZZARO | |
| 347.01 | 08/21/2017 | C | ORDER 🖉 | No |
| | | | RESULT: Denied 8/21/2017 HON JOHN NAZZARO | |
| 348.00 | 08/04/2017 | P | **OBJECTION** | No |
| | | | Objection to Defendant's Caseflow Request | |
| | | | RESULT: Sustained 8/21/2017 HON JOHN NAZZARO | |
| 348.01 | 08/21/2017 | C | ORDER 🖉 | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT*: Sustained 8/21/2017 HON JOHN NAZZARO | |
| 349.00 | 08/04/2017 | D | **MOTION TO REARGUE/RECONSIDER**<br>*RESULT*: Order 8/8/2017 HON JOHN NAZZARO | No |
| 349.01 | 08/08/2017 | C | **ORDER** 🖺<br>*RESULT*: Granted 8/8/2017 HON JOHN NAZZARO | No |
| 350.00 | 08/04/2017 | D | **APPLICATION FOR ISSUANCE OF SUBPOENA BY**<br>**SELF-REP PARTY - PB SEC 7-19**<br>*RESULT*: Denied 9/5/2017 HON EMMET COSGROVE | No |
| 350.01 | 09/05/2017 | C | **ORDER** 🖺<br>*RESULT*: Denied 9/5/2017 HON EMMET COSGROVE | No |
| 351.00 | 08/09/2017 | P | **OBJECTION**<br>Objection to Defendant's Application for Issuance of<br>Subpoena (Dkt. 350.00)<br>*RESULT*: Sustained 9/5/2017 HON EMMET COSGROVE | No |
| 351.01 | 08/21/2017 | C | **ORDER** 🖺<br>*RESULT*: Order 8/21/2017 HON JOHN NAZZARO | No |
| 351.02 | 09/05/2017 | C | **ORDER** 🖺<br>*RESULT*: Sustained 9/5/2017 HON EMMET COSGROVE | No |
| 352.00 | 08/10/2017 | P | **PRELIMINARY STATEMENT OF DEBT** | No |
| 353.00 | 08/09/2017 | D | **OBJECTION**<br>affidavit of debt<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR | No |
| 353.01 | 08/29/2017 | C | **ORDER** 🖺<br>*RESULT*: Off 8/29/2017 HON JOHN NAZZARO | No |
| 353.02 | 09/11/2017 | C | **ORDER** 🖺<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR | No |
| 354.00 | 08/10/2017 | D | **OBJECTION**<br>issuance of subpeona<br>*RESULT*: Order 8/29/2017 HON JOHN NAZZARO | No |
| 354.01 | 08/29/2017 | C | **ORDER** 🖺<br>*RESULT*: Off 8/29/2017 HON JOHN NAZZARO | No |
| 355.00 | 08/11/2017 | P | **MILITARY AFFIDAVIT** | No |
| 356.00 | 08/11/2017 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 357.00 | 08/11/2017 | P | **AFFIDAVIT OF DEBT** | No |
| 358.00 | 08/11/2017 | P | **OATH OF APPRAISERS** | No |
| 359.00 | 08/11/2017 | P | **APPRAISAL** | No |
| 360.00 | 08/16/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion to Reargue and Motions<br>to Disqualify Judicial Authority<br>*RESULT*: Order 8/22/2017 HON JOSEPH KOLETSKY | No |
| 360.01 | 08/22/2017 | C | **ORDER** 🖺<br>*RESULT*: Order 8/22/2017 HON JOSEPH KOLETSKY | No |
| 361.00 | 08/17/2017 | D | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 362.00 | 08/22/2017 | D | **REPLY** | No |
| 363.00 | 08/23/2017 | D | **OBJECTION TO MOTION**<br>PLAINTIFF'S AFFIDAVIT OF DEBT DATED 8/9/2017<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR<br>**Last Updated:** Additional Description - 08/23/2017 | No |
| 363.01 | 09/07/2017 | C | **ORDER** 🖺<br>*RESULT*: Overruled 9/7/2017 HON EMMET COSGROVE | No |
| 363.02 | 09/11/2017 | C | **ORDER** 🖺<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR | No |
| 364.00 | 08/24/2017 | D | **MOTION FOR SUMMARY JUDGMENT**<br>Defendant's Cross Motion for Summary Judgment | Yes |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT*: Off 9/11/2017 HON HARRY CALMAR | |
| 364.01 | 09/11/2017 | C | **ORDER** 📄<br>*RESULT*: Off 9/11/2017 HON HARRY CALMAR | No |
| 365.00 | 08/24/2017 | D | **OBJECTION**<br>Objection to Appraisal Report<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR<br>**Last Updated:** Additional Description - 08/29/2017 | No |
| 365.01 | 09/11/2017 | C | **ORDER** 📄<br>*RESULT*: Overruled 9/11/2017 HON HARRY CALMAR | No |
| 366.00 | 09/06/2017 | D | **APPLICATION FOR ISSUANCE OF SUBPOENA BY SELF-REP PARTY - PB SEC 7-19**<br>*RESULT*: Order 9/11/2017 HON HARRY CALMAR | No |
| 366.01 | 09/11/2017 | C | **ORDER** 📄<br>*RESULT*: Order 9/11/2017 HON HARRY CALMAR | No |
| 367.00 | 09/06/2017 | P | **AFFIDAVIT RE: ATTORNEY/COUNSEL FEES**<br>Supplemental Affidavit of Attorney's Fees and Costs | No |
| 368.00 | 09/07/2017 | P | **MILITARY AFFIDAVIT** | No |
| 369.00 | 09/07/2017 | P | **FORECLOSURE WORKSHEET JD-CV-77** | No |
| 370.00 | 09/08/2017 | D | **MOTION FOR NEW TRIAL**<br>*RESULT*: Off 9/11/2017 HON HARRY CALMAR | No |
| 370.01 | 09/11/2017 | C | **ORDER** 📄<br>*RESULT*: Off 9/11/2017 HON HARRY CALMAR | No |
| 371.00 | 09/11/2017 | C | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** | No |
| 372.00 | 09/11/2017 | C | **JUDGMENT OF STRICT FORECLOSURE** 📄<br>*RESULT*: HON HARRY CALMAR | No |
| 373.00 | 09/15/2017 | P | **NOTICE TO ALL PARTIES** | No |
| 374.00 | 09/21/2017 | D | **MOTION TO OPEN JUDGMENT**<br>*RESULT*: Denied 10/30/2017 HON HARRY CALMAR<br>**Last Updated:** Result Information - 10/31/2017 | No |
| 374.01 | 10/10/2017 | C | **ORDER** 📄<br>*RESULT*: Off 10/10/2017 HON HARRY CALMAR | No |
| 374.02 | 10/30/2017 | C | **ORDER** 📄<br>LAW DAY 11/21/2017<br>*RESULT*: Denied 10/30/2017 HON HARRY CALMAR | No |
| 375.00 | 09/21/2017 | D | **MOTION FOR EXTENSION OF TIME TO FILE APPEAL**<br>*RESULT*: Granted 9/28/2017 HON HARRY CALMAR | No |
| 375.01 | 09/28/2017 | C | **ORDER** 📄<br>*RESULT*: Granted 9/28/2017 HON HARRY CALMAR | No |
| 376.00 | 09/21/2017 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 377.00 | 09/21/2017 | D | **MOTION FOR ARTICULATION**<br>*RESULT*: Denied 9/28/2017 HON HARRY CALMAR | No |
| 377.01 | 09/28/2017 | C | **ORDER** 📄<br>*RESULT*: Denied 9/28/2017 HON HARRY CALMAR | No |
| 378.00 | 09/22/2017 | D | **AMENDMENT** | No |
| 379.00 | 09/22/2017 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT*: Off 9/28/2017 HON HARRY CALMAR | No |
| 379.01 | 09/28/2017 | C | **ORDER** 📄<br>*RESULT*: Off 9/28/2017 HON HARRY CALMAR | No |
| 380.00 | 09/27/2017 | D | **SPECIAL DEFENSE** | No |
| 381.00 | 09/29/2017 | D | **REQUEST FOR ARGUMENT - NON-ARG MATTER (JD-CV-128)** | No |
| 382.00 | 10/02/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion to Open and Vacate | No |

| | | | | | |
|---|---|---|---|---|---|
| | | | Judgment of Strict Foreclosure (Dkt. 374.00)<br>*RESULT*: Sustained 10/30/2017 HON HARRY CALMAR | | |
| 382.01 | 10/30/2017 | C | **ORDER** 📄<br>*RESULT*: Sustained 10/30/2017 HON HARRY CALMAR | No |
| 383.00 | 10/10/2017 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT*: Rejected 10/11/2017 HON HARRY CALMAR<br>**Last Updated:** Legend Code - 10/11/2017 | No |
| 383.01 | 10/11/2017 | C | **ORDER** 📄<br>*RESULT*: Rejected 10/11/2017 HON HARRY CALMAR | No |
| 384.00 | 10/10/2017 | D | **AMENDMENT**<br>ADDENDUM TO MOTION TO OPEN AND VACATED<br>JUDGMENT | No |
| 385.00 | 10/12/2017 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>memorandum of law | No |
| 386.00 | 10/12/2017 | D | **MOTION - SEE FILE**<br>defendant's motion to set new law days | No |
| 387.00 | 10/13/2017 | D | **MOTION FOR EXTENSION OF TIME**<br>*RESULT*: Order 10/17/2017 HON HARRY CALMAR | No |
| 387.01 | 10/16/2017 | C | **ORDER** 📄<br>LAW DAY EXTENDED TO 11/7/17<br>*RESULT*: Order 10/16/2017 HON HARRY CALMAR | No |
| 388.00 | 10/13/2017 | D | **MOTION - SEE FILE**<br>*RESULT*: Order 10/17/2017 HON HARRY CALMAR | No |
| 388.01 | 10/16/2017 | C | **ORDER** 📄<br>*RESULT*: Order 10/16/2017 HON HARRY CALMAR | No |
| 389.00 | 10/17/2017 | D | **APPLICATION FOR ISSUANCE OF SUBPOENA BY**<br>**SELF-REP PARTY - PB SEC 7-19**<br>*RESULT*: Rejected 10/18/2017 HON HARRY CALMAR | No |
| 389.01 | 10/18/2017 | C | **ORDER** 📄<br>*RESULT*: Rejected 10/18/2017 HON HARRY CALMAR | No |
| 390.00 | 10/23/2017 | P | **NOTICE TO ALL PARTIES** | No |
| 391.00 | 10/23/2017 | D | **AMENDMENT** | No |
| 392.00 | 10/25/2017 | P | **NOTICE TO ALL PARTIES** | No |
| 393.00 | 10/26/2017 | P | **MOTION TO STRIKE**<br>Motion to Strike Defendant's Special Defenses (Dkt.<br>380.00)<br>*RESULT*: Granted 12/11/2017 HON HARRY CALMAR | Yes |
| 393.01 | 12/11/2017 | C | **ORDER** 📄<br>*RESULT*: Granted 12/11/2017 HON HARRY CALMAR | No |
| 394.00 | 10/26/2017 | P | **OBJECTION TO INTERROGATORIES/PRODUCTION PB**<br>**13-8 and 13-10**<br>Objection to Defendant's Request for Production of<br>Documents | No |
| 395.00 | 10/27/2017 | D | **MOTION FOR CONTINUANCE**<br>*RESULT*: Denied 10/27/2017 HON HARRY CALMAR | No |
| 395.01 | 10/27/2017 | C | **ORDER** 📄<br>*RESULT*: Denied 10/27/2017 HON HARRY CALMAR | No |
| 396.00 | 10/27/2017 | P | **OBJECTION**<br>re: Defendant's Amendment to be Added to Motion to<br>Open and Vacate Judgment of Strict Foreclosure<br>*RESULT*: Sustained 10/30/2017 HON HARRY CALMAR | No |
| 396.01 | 10/30/2017 | C | **ORDER** 📄<br>*RESULT*: Sustained 10/30/2017 HON HARRY CALMAR | No |
| 397.00 | 10/30/2017 | D | **LIST OF EXHIBITS (JD-CL-28/JD-CL-28a)** | No |
| 398.00 | 10/30/2017 | D | **MOTION FOR ORDER**<br>MOTION TO COMPEL DISCOVERY | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT:* Denied 11/14/2017 HON HARRY CALMAR | |
| 398.01 | 11/14/2017 | C | **ORDER** 📄<br>*RESULT:* Denied 11/14/2017 HON HARRY CALMAR | No |
| 399.00 | 10/30/2017 | D | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE PB 10-40** | No |
| 400.00 | 10/31/2017 | D | **AFFIDAVIT** | No |
| 401.00 | 11/02/2017 | P | **NOTICE TO ALL PARTIES** | No |
| 402.00 | 11/08/2017 | D | **MOTION FOR CLARIFICATION-COURT ORDER**<br>*RESULT:* Denied 11/16/2017 HON HARRY CALMAR | No |
| 402.01 | 11/16/2017 | C | **ORDER** 📄<br>*RESULT:* Denied 11/16/2017 HON HARRY CALMAR | No |
| 403.00 | 11/08/2017 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 404.00 | 11/09/2017 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion to Compel Discovery (Dkt. 398.00)<br>*RESULT:* Sustained 11/14/2017 HON HARRY CALMAR | No |
| 404.01 | 11/14/2017 | C | **ORDER** 📄<br>*RESULT:* Sustained 11/14/2017 HON HARRY CALMAR | No |
| 405.00 | 11/09/2017 | D | **MOTION FOR ORDER**<br>SUPPLEMENT TO DEFENDANT'S TO MOTION TO COMPEL DISC | No |
| 406.00 | 11/15/2017 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Rejected 11/16/2017 HON HARRY CALMAR | No |
| 406.01 | 11/16/2017 | C | **ORDER** 📄<br>*RESULT:* Rejected 11/16/2017 HON HARRY CALMAR | No |
| 407.00 | 11/17/2017 | D | **MOTION FOR STAY**<br>*RESULT:* Denied 12/4/2017 HON HARRY CALMAR | No |
| 407.01 | 12/04/2017 | C | **ORDER** 📄<br>*RESULT:* Denied 12/4/2017 HON HARRY CALMAR | No |
| 408.00 | 11/17/2017 | D | **AFFIDAVIT** | No |
| 409.00 | 11/17/2017 | D | **NOTICE OF INTENTION TO APPEAL** | No |
| 410.00 | 11/17/2017 | D | **APPEAL TO APPELLATE COURT** | No |
| 411.00 | 11/30/2017 | P | **OBJECTION TO MOTION**<br>Objection to Defendant's Motion for Stay<br>*RESULT:* Sustained 12/4/2017 HON HARRY CALMAR | No |
| 411.01 | 12/04/2017 | C | **ORDER** 📄<br>*RESULT:* Sustained 12/4/2017 HON HARRY CALMAR | No |
| 412.00 | 12/05/2017 | D | **AMENDMENT**<br>Defendant Intends to appeal Entry No. 407.01 denying Motion to Stay | No |
| 413.00 | 12/05/2017 | D | **NOTICE OF INTENTION TO APPEAL**<br>Defendant intends to appeal Entry No. 407.01 denying Motion to Stay | No |
| 414.00 | 12/01/2017 | D | **REPLY** | No |
| 415.00 | 12/07/2017 | P | **REPLY**<br>Plaintiff's Reply in Further Support of Motion to Strike Defendant's Special Defenses | No |
| 416.00 | 12/11/2017 | D | **OBJECTION TO MOTION**<br>Defendants Response to Plaintiffs Reply in Further Support of Motion to Strike Def. Spec Defenses<br>*RESULT:* Overruled 12/11/2017 HON HARRY CALMAR | No |
| 416.01 | 12/11/2017 | C | **ORDER** 📄<br>*RESULT:* Overruled 12/11/2017 HON HARRY CALMAR | No |
| 417.00 | 12/14/2017 | D | **MOTION TO REARGUE/RECONSIDER**<br>Defendant's Motion for Reconsideration | No |

| | | | | |
|---|---|---|---|---|
| | | | *RESULT*: Denied 1/2/2018 HON HARRY CALMAR | |
| 417.01 | 01/02/2018 | C | **ORDER** 🖹<br>*RESULT*: Denied 1/2/2018 HON HARRY CALMAR | No |
| 418.00 | 12/19/2017 | P | **MOTION FOR ORDER**<br>Plaintiff's Motion for Equitable Relief<br>*RESULT*: Denied 1/2/2018 HON HARRY CALMAR | No |
| 418.01 | 01/02/2018 | C | **ORDER** 🖹<br>*RESULT*: Denied 1/2/2018 HON HARRY CALMAR | No |
| 419.00 | 12/19/2017 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion for<br>Reconsideration (Dkt. 417.00)<br>*RESULT*: Sustained 1/2/2018 HON HARRY CALMAR | No |
| 419.01 | 01/02/2018 | C | **ORDER** 🖹<br>*RESULT*: Sustained 1/2/2018 HON HARRY CALMAR | No |
| 420.00 | 12/29/2017 | D | **OBJECTION TO MOTION**<br>Objection to Motion for Equitable Relief<br>*RESULT*: Order 1/2/2018 HON HARRY CALMAR | No |
| 420.01 | 01/02/2018 | C | **ORDER** 🖹<br>*RESULT*: Order 1/2/2018 HON HARRY CALMAR | No |
| 421.00 | 12/29/2017 | D | **REPLY**<br>Reply to Plaintiffs Objection to Defendant's Motion for<br>Reconsideration | No |
| 422.00 | 01/02/2018 | D | **OBJECTION TO MOTION**<br>Defendants Objection Supplement to Plaintiffs Motion for<br>Equitable Relief<br>*RESULT*: Off 1/16/2018 HON HARRY CALMAR | No |
| 422.01 | 01/16/2018 | C | **ORDER** 🖹<br>*RESULT*: Off 1/16/2018 HON HARRY CALMAR | No |
| 423.00 | 01/04/2018 | D | **NOTICE OF INTENTION TO APPEAL**<br>Notice of Intent to Appeal Striking of Defendants Special<br>Defenses | No |
| 424.00 | 05/04/2018 | D | **APPELLATE COURT MATERIAL**<br>MOTION FOR ARTICULATION<br>*RESULT*: Order 5/14/2018 HON EMMET COSGROVE | No |
| 424.01 | 05/14/2018 | C | **ORDER** 🖹<br>*RESULT*: Order 5/14/2018 HON EMMET COSGROVE | No |
| 424.02 | 05/29/2018 | C | **ORDER** 🖹<br>RECEIVED FROM APPELLATE COURT<br>**Last Updated:** Entry Number - 06/01/2018 | No |
| 425.00 | 08/20/2019 | C | **APPELLATE COURT DECISION JUDGMENT/ORDER OF**<br>**TRIAL COURT AFFIRMED** 🖹<br>*RESULT*: BY THE COURT | No |
| 426.00 | 10/24/2019 | C | **APPELLATE COURT MATERIAL**<br>Order | No |
| 427.00 | 11/13/2019 | D | **PETITION FOR CERTIFICATION** | No |
| 428.00 | 12/16/2019 | C | **APPELLATE COURT MATERIAL**<br>Motion for reconsideration<br>*RESULT*: Denied 1/2/2020 BY THE COURT | No |
| 429.00 | 01/02/2020 | C | **ORDER** 🖹 | No |
| 430.00 | 01/21/2020 | D | **MOTION TO OPEN JUDGMENT**<br>*RESULT*: Denied 2/10/2020 HON EMMET COSGROVE | No |
| 430.01 | 02/10/2020 | C | **ORDER** 🖹<br>*RESULT*: Order 2/10/2020 HON EMMET COSGROVE | No |
| 430.02 | 02/10/2020 | C | **ORDER** 🖹<br>LAW DAY RESET TO 4/14/2020<br>*RESULT*: Order 2/10/2020 HON EMMET COSGROVE<br>**Last Updated:** Additional Description - 02/14/2020 | No |

| 431.00 | 01/24/2020 | P | **MOTION FOR ORDER**<br>Plaintiff's Motion to Reset Law Days After Appeal | No |
|---|---|---|---|---|
| 432.00 | 01/24/2020 | P | **MOTION FOR TERMINATION OF STAY OF EXECUTION**<br>Plaintiff's Motion to Terminate Automatic Stay Pending Future Appeals<br>*RESULT:* Granted 2/24/2020 HON EMMET COSGROVE | No |
| 432.01 | 02/24/2020 | C | **ORDER** 🖉<br>*RESULT:* Granted 2/24/2020 HON EMMET COSGROVE | No |
| 432.50 | 02/24/2020 | C | **MEMORANDUM OF DECISION ON MOTION** 🖉 | No |
| 433.00 | 01/27/2020 | D | **MOTION FOR CONTINUANCE**<br>*RESULT:* Denied 1/28/2020 HON EMMET COSGROVE | No |
| 433.01 | 01/28/2020 | C | **ORDER** 🖉<br>*RESULT:* Denied 1/28/2020 HON EMMET COSGROVE | No |
| 434.00 | 01/30/2020 | P | **OBJECTION TO MOTION**<br>Plaintiff's Objection to Defendant's Motion to Open Judgment | No |
| 435.00 | 01/30/2020 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Granted 1/31/2020 HON EMMET COSGROVE | No |
| 435.01 | 01/31/2020 | C | **ORDER** 🖉<br>*RESULT:* Granted 1/31/2020 HON EMMET COSGROVE | No |
| 436.00 | 01/31/2020 | P | **CERTIFICATION OF SERVICE**<br>Amended Certificate of Service to Plaintiff's Objection to Defendant's Motion to Open Judgment | No |
| 437.00 | 02/05/2020 | P | **REQUEST FOR ARGUMENT - NON-ARG MATTER (JD-CV-128)**<br>on Matters 431 and 432 | No |
| 438.00 | 02/05/2020 | D | **AFFIDAVIT** | No |
| 439.00 | 02/06/2020 | D | **NOTICE** | No |
| 440.00 | 02/06/2020 | P | **OBJECTION TO TRANSFER TO COMPLEX LITIGATION** | No |
| 441.00 | 02/06/2020 | D | **OBJECTION**<br>*RESULT:* Overruled 2/24/2020 HON EMMET COSGROVE | No |
| 441.01 | 02/24/2020 | C | **ORDER** 🖉<br>*RESULT:* Overruled 2/24/2020 HON EMMET COSGROVE | No |
| 442.00 | 02/06/2020 | D | **MEMORANDUM IN OPPOSITION TO MOTION** | No |
| 443.00 | 02/07/2020 | P | **OBJECTION**<br>Plaintiff's Response to Affidavit in Support of Defendant's Motion to Open Judgment | No |
| 444.00 | 02/07/2020 | P | **REPLY MEMORANDUM**<br>Reply in Further Support of Motion to Terminate Automatic Stay Pending Future Appeals | No |
| 445.00 | 02/19/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 446.00 | 03/06/2020 | C | **APPELLATE COURT MATERIAL**<br>Pre-appeal Motion for Review | No |
| 447.00 | 05/11/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 448.00 | 05/07/2020 | C | **APPELLATE COURT MATERIAL** | No |
| 449.00 | 05/26/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 450.00 | 05/26/2020 | C | **ORDER** 🖉<br>LAW DAY EXTENDED TO 7/7/20<br>*RESULT:* Order 5/26/2020 BY THE COURT | No |
| 451.00 | 06/16/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 452.00 | 06/19/2020 | C | **ORDER** 🖉<br>LAW DAY SUA SPONTE EXTENDED TO 8/4/20<br>*RESULT:* Order 6/19/2020 BY THE COURT | No |
| 453.00 | 07/07/2020 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW** | Yes |

| | | | | |
|---|---|---|---|---|
| | | | **DAY**<br>*RESULT:* Granted 7/9/2020 HON EMMET COSGROVE | |
| 453.01 | 07/09/2020 | C | **ORDER**<br>LAW DAY EXTENDED TO 9/22/2020<br>*RESULT:* Granted 7/9/2020 HON EMMET COSGROVE | No |
| 454.00 | 07/07/2020 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Granted 7/9/2020 HON EMMET COSGROVE | No |
| 454.01 | 07/09/2020 | C | **ORDER**<br>*RESULT:* Granted 7/9/2020 HON EMMET COSGROVE | No |
| 455.00 | 07/10/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 456.00 | 08/28/2020 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Granted 9/3/2020 HON EMMET COSGROVE | Yes |
| 456.01 | 09/03/2020 | C | **ORDER**<br>LAW DAY EXTENDED TO 1/19/21<br>*RESULT:* Granted 9/3/2020 HON EMMET COSGROVE | No |
| 457.00 | 08/28/2020 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Granted 9/3/2020 HON EMMET COSGROVE | No |
| 457.01 | 09/03/2020 | C | **ORDER**<br>*RESULT:* Granted 9/3/2020 HON EMMET COSGROVE | No |
| 458.00 | 09/09/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 459.00 | 12/29/2020 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Order 12/30/2020 HON HARRY CALMAR | Yes |
| 459.01 | 12/30/2020 | C | **ORDER**<br>LAW DAY EXTENDED TO 3/23/2021<br>*RESULT:* Order 12/30/2020 HON HARRY CALMAR | No |
| 460.00 | 12/29/2020 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Accepted 12/30/2020 HON HARRY CALMAR | No |
| 460.01 | 12/30/2020 | C | **ORDER**<br>*RESULT:* Accepted 12/30/2020 HON HARRY CALMAR | No |
| 461.00 | 12/30/2020 | P | **NOTICE TO ALL PARTIES** | No |
| 462.00 | 02/16/2021 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Order 3/1/2021 HON HARRY CALMAR | Yes |
| 462.01 | 03/01/2021 | C | **ORDER**<br>LAW DAY EXTENDED TO 5/1821<br>*RESULT:* Order 3/1/2021 HON HARRY CALMAR | No |
| 463.00 | 03/03/2021 | P | **NOTICE TO ALL PARTIES** | No |
| 464.00 | 04/28/2021 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Granted 5/11/2021 HON HARRY CALMAR | Yes |
| 464.01 | 05/11/2021 | C | **ORDER**<br>LAW DAY EXTENDED TO 7/20/21<br>*RESULT:* Granted 5/11/2021 HON HARRY CALMAR | No |
| 465.00 | 05/13/2021 | P | **AFFIDAVIT**<br>Federal Mortgage Foreclosure Moratorium Affidavit JD-CV-172 | No |
| 466.00 | 07/06/2021 | P | **MOTION TO OPEN JUDGMENT AND EXTEND THE LAW DAY**<br>*RESULT:* Granted 7/19/2021 HON HARRY CALMAR | Yes |
| 466.01 | 07/19/2021 | C | **ORDER**<br>LAW DAY EXTENDED TO 1/11/22<br>*RESULT:* Granted 7/19/2021 HON HARRY CALMAR | No |
| 467.00 | 07/09/2021 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Off 7/19/2021 HON HARRY CALMAR | No |

| 467.01 | 07/19/2021 | C | **ORDER** 📄<br>*RESULT:* Off 7/19/2021 HON HARRY CALMAR | No |
|---|---|---|---|---|
| 468.00 | 07/20/2021 | P | **NOTICE TO ALL PARTIES** | No |
| 469.00 | 12/20/2021 | D | **MOTION TO OPEN JUDGMENT** | No |
| 470.00 | 12/29/2021 | P | **OBJECTION TO MOTION**<br>PLAINTIFF'S OBJECTION TO DEFENDANT?S MOTION<br>TO REOPEN JUDGMENT AND EXTEND LAW DAY | No |
| 471.00 | 01/04/2022 | D | **CASEFLOW REQUEST (JD-CV-116)**<br>*RESULT:* Order 1/5/2022 BY THE COURT | No |
| 471.01 | 01/05/2022 | C | **ORDER** 📄<br>REMOTE HEARING ORDER<br>*RESULT:* Order 1/5/2022 BY THE COURT | No |
| 472.00 | 01/05/2022 | D | **CASEFLOW REQUEST (JD-CV-116)** | No |
| 473.00 | 01/07/2022 | D | **NOTICE OF BANKRUPTCY** | No |
| 474.00 | 01/13/2022 | P | **AFFIDAVIT THAT PARTY IS IN BANKRUPTCY**<br>Automatic Stay In Effect | No |

| Scheduled Court Dates as of 06/22/2022 | | | | |
|---|---|---|---|---|
| KNL-CV12-6014902-S - WELLS FARGO BANK N.A v. CALDRELLO, SANDRA | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| | | No Events Scheduled | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil⧉ standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up⧉ page and Short Calendars By Juris Number⧉ or By Court Location⧉.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2022, State of Connecticut Judicial Branch

Page Created on 6/23/2022 at 10:39:08 AM